# UNITED STATES DISTRICT COURT
## BOSTON, MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS DEPARTMENT OF SOCIAL SERVICES and MARY AJEDE Plaintiffs, | ) ) ) ) ) |
| v. | ) |
| Denis RIORDAN, District Director of Boston District Office(CIS); Michael CHERTOFF, as Secretary of Department of Homeland Security; EDUARDO AGUIRRE, JR. as Director of United States Citizenship and Immigration Services (US CIS); DEPARTMENT OF HOMELAND SECURITY; and ALL UNKNOWN GOVERNMENT AGENCIES INVOLVED IN SECURITY CHECKS FOR APPLICANTS, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

**05    10539 NMG**

RECEIPT # 62920
AMOUNT $ 250.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M.P.
DATE 3/22/05

CIVIL ACTION FILE NO. _____

EMERGENCY COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS AND REQUEST FOR SPEEDY HEARING

MAGISTRATE JUDGE J-D

## I.
## INTRODUCTION

1.    This is an individual action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 USC Section 2201 and 28 USC Section 1361, and the Administrative Procedure Act, 5 USC Section 551 et seq. This action challenges the Defendants' failure to adjudicate the special immigrant juvenile petition and application for adjustment of status which Plaintiffs filed in March 2003. This includes a request for speedy hearing because the Plaintiff, Mary Ajede, will turn 21 on May 5, 2005. If the case is not adjudicated before then, she will "age out" and become statutorily ineligible for the benefit sought.

## II.
## JURISDICTION

2.    This Court has jurisdiction over the present action pursuant to 28 USC Section 1331, Federal Question Jurisdiction; and 28 USC Section 2201, the Declaratory Judgment Act; 5 USC Section 702, the Administrative Procedures Act; 28 USC Section 1361, regarding an action to compel an officer of the United States to perform his duty.

## III.
## VENUE

3.      28 USC Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, the action may be brought in any judicial district in which the Plaintiff or a Defendant in the action resides. Plaintiff, Department of Social Services (DSS), is a Massachusetts state agency with headquarters at . 24 Farnsworth St., Boston, Massachusetts, 02110. Mary Ajede is a "child"[1] in DSS custody in Massachusetts. Defendant, Denis Riordan, is District Director of the Boston CIS office which has failed to adjudicate this case.  Mr. Riordan's office is located at the John F. Kennedy Federal Building, Government Center, Boston, MA 02203.

## IV.
## PLAINTIFFS

4.      Plaintiff, Department of Social Services (DSS),  is the  Massachusetts child welfare agency. DSS field a special immigrant juvenile petition for Mary Ajede.

5.      Plaintiff, Mary Ajede is a 20 year old youth from Nigeria. She has been in DSS custody since June 27, 2001. She filed an application for adjustment of status (a green card) based upon the DSS petition.

6.      Both DSS and Mary Ajede are within the zone of interest controlled by this action and therefore also have standing.

## V.
## DEFENDANTS

7.      Defendant, the Department of Homeland Security, is a Federal agency that is mandated under the law through its Director, 8 USC Section 1103(a), to supervise, implement, and enforce the Immigration and Nationality Act, including special immigrant juvenile petitions and applications for adjustment of status.

8.      Defendant, Michael Chertoff, is the duly appointed Secretary of Homeland Security and charged under the law, 8 USC Section 1103(a), with supervising, implementing, and enforcing the Immigration and Nationality Act.

---

[1]Child is defined under U.S. immigration law as unmarried person under age 21. 8 USC 1101(b)(1).

9.      Defendant, Eduardo Aguirre, Jr., is the duly appointed Director of United States Citizenship and Immigration Services (CIS), and charged under the law, 8 USC 1103(c), with the implementation of benefits under the Immigration and Nationality Act.

10.     Defendant, Denis Riordan is the District Director of the Boston District Office of U.S. Citizenship and Immigration Services (CIS) This is the office where the Plaintiffs' petition and application have been pending since March 2003.

11.     Defendants, Department of Homeland Security and Unknown Government Agencies, are those additional government agencies unknown to the Plaintiffs or Plaintiffs' counsel, that may also be involved with processing security checks for applicants for adjustment of status processed by the Department of Homeland Security.

## VI.
## FACTUAL ALLEGATIONS

12.     On June 27, 2001, DSS obtained custody of Mary Ajede, through a care and protection petition based on abuse and neglect by Mary's adoptive father. (Affidavit of Mary Soliman, DSS social worker Exhibit F).

13.     Mary's natural father is deceased and her mother Tina Ajede, resides in Nigeria and travels periodically to the United States. DSS contacted Mary's mother and asked her to take guardianship of Mary. Her mother refused in February 2002. (See affidavit of Mary Soliman, DSS Social Worker, Exhibit F).

14.     On April 30, 2002, the Lynn Juvenile Court issued an order declaring that Mary had been committed to DSS custody since June 27, 2001 and finding that it was not in her best interest to be returned to Nigeria (Included in Exhibit A). (Mary's adoptive father had previously filed an immigrant visa petition and adjustment of status application for Mary, but he did not pursue it and it was denied for abandonment.)

15.     On March 2003, DSS filed a special immigrant petition for Mary together with Mary's application for adjustment of status (I-360/485.) This green card application was filed at the Boston District Office of U.S. Citizenship and Immigration Services (CIS). (Reconstructed application, Exhibit A).

16.    On July 1, 2003 the Plaintiffs (DSS social worker and Mary) attended an interview at the Boston Citizenship and Immigration Services (then called INS). At the interview the officer requested additional documentation.

17.    On September 25, 2003, Plaintiffs provided Defendants with the additional documentation requested. This included the death certificate of Mary's father, affidavits submitted to the Lynn Juvenile Court by DSS and the court investigator in support of the motion for DSS custody and to clarify her eligibility for special immigrant juvenile status. Also requested and submitted was a certified court record confirming dismissal of an assault and battery charge (Exhibit B).

18.    On July 28, 2004, Plaintiffs counsel submitted a letter to the supervisor at Boston CIS asking for a decision in the case and explaining that Mary is trying to go to college and finding it very difficult without permanent residence. Plaintiffs submitted another copy of the additional documentation which had been submitted on September 25, 2003 (Exhibit C).

19.    On September 27, 2004, Plaintiffs submitted a letter from DSS Commissioner Lewis H. Spence to Defendant, Denis Riordan asking for help resolving long delayed adjudications. The letter explained " these delays cause real hardship for the children and severely tax the limited resources within our offices." The letter included a list of long delayed cases which included this one for Mary Ajede. (Exhibit D). The letter suggested a meeting and invited suggestions for resolving these cases.

20.    On October 7, 2004, the Defendants issued a notice of intent to deny Plaintiffs case. The reason given was that Mary's mother had come to the U.S. and expressed a desire to have Mary live with her. (Exhibit I)

21.    On October 21, 2004, the Defendants submitted a rebuttal to the intent to deny. The rebuttal documents included an affidavit from the DSS social worker explaining that DSS had spent months working with Mary's mother in hopes that she would accept guardianship, but that Mary's mother refused. Also enclosed was the letter from DSS Deputy General Counsel explaining that a parent's expressed desire is not dispositive of whether the child has been abused, neglected or abandoned or of whether they need to remain in foster care. She explains:

> There are hundreds of cases in which DSS has readied the child for reunification with their parent(s), only to have the parent(s) fail to follow through with providing a safe and stable home for their child. The reasons are often complex, but the reality is that the children remain in foster care long-term and they are dependant on the State. The failures in these instances cannot be laid at the feet of the child.

(Letter included in Exhibit F)

22.    Also, on October 21, 2004, Plaintiffs through counsel sent Defendants another letter expressing frustration with the pattern of delay and requesting a meeting between the two agencies to clarify apparent misunderstandings about child welfare law in Massachusetts. (Exhibit G) Defendant, Mr. Riordan verbally agreed to a meeting but said he wanted to involve someone from Headquarters. No meeting has been set.

23.    On December 28, 2004, the Defendants asked the Plaintiffs for another certified copy of the court record they had already submitted.  Plaintiffs delivered another set of certified copies on January 18, 2005. (Exhibit H).

24.    On February 24, 2005,  present counsel for Plaintiffs sent Defendants a letter entitled Notice of Intent to File Mandamus Action in Federal District Court. That letter listed 5 long overdue cases, including this one. (See Exhibit G). Defendants have verbally acknowledged receipt of this letter (and approved one of the cases). This case remains pending.

## VII.
## CLAIM FOR RELIEF

25.    Defendants have willfully, and unreasonably refused to adjudicate Plaintiffs pending petition and applications filed pursuant to 8 USC 1101 (a)(27)(J); 8 USC 1255 (h) and 8 CFR 204.11.

26.    If Mary's application is not approved prior to her 21st birthday on May 5, 2005, she will reach the age of majority unable to work, attend school or live legally in the United States.

27.    Plaintiffs have done everything in their power to resolve this case and prevent the current crisis.

28.    Plaintiffs counsel  has made many phone calls, written letters, asked for meetings, given advance notice of intent to file this mandamus . Yet Defendants have failed to adjudicate this case. Plaintiffs have exhausted any administrative remedies that may exist.

29.    Strong humanitarian factors genuinely exist in these circumstances as Plaintiffs have made every effort to file their application early, to provide all necessary documentation to the Defendants, they have diligently follow-up with DHS to obtain a timely decision in this case. Failure of the government to grant this case will have a devastating effect on Mary Ajede's life.

30.    Special immigrant juvenile status was created for juveniles like Mary who have been placed in state custody because they have been abused, neglected or abandoned. Mary has been in DSS custody for almost  four years. During that time she has been in at least 8 different foster

homes/programs. Her natural mother has refused to take guardianship and her adoptive father put her out of the house. (See Affidavit of Mary Ajede included in Exhibit F.)

31. Instructions from Defendants' CIS Headquarters in Washington, D.C. specifically urge District Offices to take precautions and expedite cases, like Mary Ajede's, to avoid "aging out" (Exhibit J). Plaintiffs submitted a copy of this memorandum to Defendants on October 21, 2004 (Included in Exhibit F.) This mandamus action simply seeks to compel the Defendants to follow the instructions from their own Headquarters. .

**WHEREFORE,** Plaintiffs pray that the Court:

(1) Schedule a speedy hearing to prevent Mary Ajede from "aging out";

(2) Compel Defendants, and those acting under them, to perform their duty to adjudicate the Plaintiffs' special immigrant petition and application for adjustment of status. This includes completion of the random security check, if necessary.

(3) Compel the Defendants to adjudicate this case before May 5, 2005, Mary Ajede's 21st birthday.

(4) Compel the Defendants to issue timely approval notices which will enable Mary to work and go to college; and

(5) Grant such other and further relief as this Court deems proper under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of March, 2005.

Maureen O'Sullivan
Counsel for Plaintiffs
Kaplan O' Sullivan & Friedman LLP
10 Winthrop Square 3rd Fl
Boston, MA 02110
(617) 482-4500

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the foregoing EMERGENCY COMPLAINT FOR DECLARATORY RELIEF AND RELIEF IN THE NATURE OF MANDAMUS by hand delivery to:

> Denis Riordan,  District Director
> Boston District Office
> U.S. Department of Homeland Security
> USCIS   (ATTORNEY DROP BOX)
> 15 New Sudbury St.
> JFK Federal Building
> Boston, MA 02203

> Henry Hanley, Esq
> Litigation Unit
> Department of Homeland Security (INS)
> Room 425
> 15 New Sudbury St.
> JFK Federal Building
> Government Center
> Boston, MA 02203.

> U.S. Attorneys Office
> U.S. Courthouse, Suite 9200
> 1 Courthouse Way
> Boston, MA 02110

This 22nd   day of March, 2005. Counsel will also provide formal service to all Defendants with summons, but has already hand delivered these copies due to the urgent nature of the case.

Maureen O'Sullivan
Counsel for Plaintiffs
Kaplan O' Sullivan & Friedman LLP
10 Winthrop Square 3rd Fl
Boston, MA 02110
(617) 482-4500

# *AFFIDAVIT OF COUNSEL*

1.  My name is Maureen O'Sullivan and I am an attorney licensed to practice in the State of Massachusetts. (B.B.O. Reg. No. 380835).

2.  I represent both the Massachusetts Department of Social Services and Mary Ajede in this case. I concurrently filed the DSS petition for special immigrant juvenile status together with Mary's application for adjustment of status in March 2003.

3.  I hereby swear and attest that the chronology of events detailed in the attached complaint are true to the best of my knowledge and belief.

4.  The Defendants have not adjudicated either the petition or application and have failed in their duty to provide adjudication within a reasonable period of time.

Maureen O'Sullivan

## NOTARY

On this 21st day of March , 2005, before me, the undersigned notary public, personally appeared Maureen O Sullivan , proved to me through satisfactory means of identification which were Personally Known to me , to be the person whose name is signed on the preceding or attached document.

Notary Public

My commission expires: 12/19/08

# LIST OF EXHIBITS

**EXHIBIT A**      Reconstructed copy of petition and application for special immigrant status.

**EXHIBIT B**      Packet of additional supporting documents delivered to Defendants on September 25, 2003.

**EXHIBIT C**      Letter from Plaintiffs counsel to Defendant requesting adjudication, July 28, 2004.

**EXHIBIT D**      Letter from Plaintiffs, DSS Commissioner, to Defendant requesting adjudication of long delayed cases with attached list that includes Mary Ajede's case, September 27, 2004.

**EXHIBIT E**      Defendant's notice of intent to deny this case, October 7, 2004.

**EXHIBIT F**      Plaintiffs response to notice of intent to deny, October 21, 2004.

**EXHIBIT G**      Plaintiffs letter to Defendant requesting a meeting to resolve recurring issues in special immigrant juvenile cases, October 21, 2004.

**EXHIBIT H**      Defendant's second request for court records (previously submitted) and Plaintiffs compliance, December 28, 2004 and January 18, 2005.

**EXHIBIT I**      Plaintiffs notice to Defendants of notice of intent to file mandamus action, February 24, 2005.

**EXHIBIT J**      Defendants Memorandum #2 Field Guidance on Special Immigrant Juvenile Status petitions.

# EXHIBIT A
Reconstructed copy of petition and application for special immigrant status.

KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
ATTORNEYS AT LAW

TEN WINTHROP SQUARE • THIRD FLOOR   BOSTON, MASSACHUSETTS 02110

HARVEY KAPLAN
MAUREEN O'SULLIVAN
JEREMIAH FRIEDMAN

(617) 482-4500
FAX: (617) 451-6826

March 27, 2003

Immigration and Naturalization Service
JFK Federal Building
Government Center
Boston, MA 02203

**RE:    APPLICATION FOR SPECIAL IMMIGRANT STATUS**
**Mary Ajede/A#78631187 - Applicant**

Dear Officer:

Please find enclosed a special immigration petition and application for adjustment of status for
Mary Ajede. Specifically, I have enclosed the following:

1.    Form G-28; Notice of Entry of Appearance of Attorney;
2.    Form I-360, Petition for Special Immigrant Status;
3.    Court Order specifying that Mary Ajede is a minor who was declared dependent upon the
      court and eligible for long term foster care. The court also states that it is not in her best
      interest to return home;
4.    Form I-485, Application to Adjust to Permanent Residence Status;
5.    Form G-325A, Biographic Information;
6.    Form I-181, Processing Sheet;
7.    Photographs;
8.    Affidavit In Support of Fee Waiver;
9.    Birth Certificate w/translation;
10.   Medical Evaluation;
11.   Evidence of abuse, abandonment or neglect;
12.   Certified Arrest Record

Please note that Mary Ajede is a minor who is dependent upon the Commonwealth of
Massachusetts. Therefore, please waive the fee for humanitarian reasons and schedule her
appointment.

Sincerely yours,

Maureen O'Sullivan

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: *Mary Ajede - Applicant* | DATE: |
| | FILE No. *7863118 7* |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

NAME *Attn: Ms. Mary Suliman, DSS Worker*  ☒ Petitioner  ☐ Applicant
*Department of Social Services*  ☐ Beneficiary  ☐
ADDRESS (Apt. No.) (Number & Street) (City) (State) (ZIP Code)
*20 Wheeler Street, Lynn, MA  01902*

NAME *Mary Ajede*  ☐ Petitioner  ☒ Applicant
  ☐ Beneficiary  ☐
ADDRESS (Apt. No.) (Number & Street) (City) (State) (ZIP Code)

Check applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
SJC of Mass.  and/or District Court of Mass.  and am not under a
(Name of Court)
court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request.   (If you check this item, also check item 1 or 2 whichever is appropriate.)

☒ 4. Others (Explain fully.)
IT IS RESPECTFULLY REQUESTED THAT IN CONFORMITY WITH PUBLIC LAW 90-83, 5 U.S.C. 500(f), 81 STAT. 195, THE UNDERSIGNED BE GIVEN NOTICE OF ALL COMMUNICATIONS, WRITTEN OR OTHERWISE, IN THIS CASE.

| SIGNATURE | COMPLETE ADDRESS |
| | Kaplan, O'Sullivan & Friedman, LLP |
| | 10 Winthrop Square, Third Floor |
| | Boston, MA 02110 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Harvey Kaplan/ Maureen O'Sullivan/ Jeremiah Friedman | (617) 482-4500 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:  Harvey Kaplan/Maureen O'Sullivan/Jeremiah Friedman
(Name of Attorney or Representative)

THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

ANY AND ALL MATTERS BEFORE THE U.S. IMMIGRATION AND NATURALIZATION SERVICE CONCERNING THE ABOVE.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
| *Mary Ajede* *Caitlin Haley* | *Caitlin Haley Ajede* | |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev. 10-25-79)N

(OVER)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB No. 1115-0117

Petition for Amerasian, Widow or Special Immigrant

---

## START HERE - Please Type or Print

| | FOR INS USE ONLY | |
|---|---|---|

**Part 1. Information about person or organization filing this petition.** (Individuals should use the top name line; organizations should use the second line.) If you are a self-petitioning spouse or child and do not want INS to send notices about this petition to your home, you may show an alternate mailing address here. If you are filing for yourself and do not want to use an alternate mailing address, skip to part 2.

| Family Name *Ajede* | Given Name *Mary* | Middle Initial |
|---|---|---|

Company or Organization Name *Department of Social Services*

Address - C/O *Mary Soliman, DSS Worker*

Street Number and Name *20 Wheeler Street* Apt. #

City *Lynn*   State or Province *MA*

Country *USA*   ZIP/Postal Code *01902*

U.S. Social Security # *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* A # *78631187* IRS Tax # (if any)

**FOR INS USE ONLY**

Returned | Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

☐ Petitioner/ Applicant Interviewed
☐ Beneficiary Interviewed
☐ I-485 Filed Concurrently
☐ Bene "A" File Reviewed

Classification

Consulate

Priority Date

Remarks:

## Part 2. Classification Requested (check one):

a. ☐ Amerasian
b. ☐ Widow(er) of a U.S. citizen who died within the past 2 years
c. ☒ Special Immigrant Juvenile
d. ☐ Special Immigrant Religious Worker
e. ☐ Special Immigrant based on employment with the Panama Canal Company, Canal Zone, Government or U.S. Government in the Canal Zone
f. ☐ Special Immigrant Physician
g. ☐ Special Immigrant International Organization Employee or family member
h. ☐ Special Immigrant Armed Forces Member
i. ☐ Self-Petitioning Spouse of Abusive U.S. Citizen or Lawful Permanent Resident
j. ☐ Self-Petitioning Child of Abusive U.S. Citizen or Lawful Permanent Resident
k. ☐ Other, Explain:

Action Block

## Part 3. Information about the person this petition is for.

| Family Name *Ajede* | Given Name *Mary* | Middle Initial *I* |
|---|---|---|

Address - C/O *DSS Social Worker*

*Department of Social Services*

Street Number and Name *20 Wheeler Street* Apt. #

City *Lynn*   State or Province *MA*

Country *USA*   ZIP/Postal Code *01902*

Date of Birth (Month/Day/Year) *11/5/84*   Country of Birth *Nigeria*

U.S. Social Security # (if any) *023 84-9577*   A # (if any) *786 31187*

Marital Status: ☒ Single   ☐ Married   ☐ Divorced   ☐ Widowed

Complete the items below if this person is in the United States:

Date of Arrival (Month/Day/Year) *12/27/96*   I-94#

Current Nonimmigrant Status *B-2 Overstay*   Expires on (Month/Day/Year) *B2 (Overstay)*

**To be Completed by Attorney or Representative, if any**
☒ Fill in box if G-28 is attached to represent the applicant

VOLAG #

ATTY State License #
BBO MA 640820

Form I-360 (Rev. 03/07/96) N     *Continued on back.*

## Part 4. Processing Information.

Below give the United States Consulate you want notified if this petition is approved and if any requested adjustment of status cannot be granted.

| American Consulate:    City | Country |
|---|---|

If you gave a United States address in Part 3, print the person's foreign address below. If his/her native alphabet does not use Roman letters, print his/her name and foreign address in the native alphabet.

| Name | Address |
|---|---|

| | | |
|---|---|---|
| Sex of the person this petition is for. | ☐ Male | ☒ Female |
| Are you filing any other petitions or application with this one? | ☐ No | ☒ Yes (How many? _T-485_ ) |
| Is the person this petition is for in exclusion of deportation proceedings? | ☒ No | ☐ Yes (Explain on a separate sheet of paper) |
| Has the person this petition is for ever worked in the U.S. without permission? | ☒ No | ☐ Yes (Explain on a separate sheet of paper) |
| Is an application for adjustment of status attached to this petition? | ☐ No | ☒ Yes |

## Part 5. Complete only if filing for an Amerasian.

Section A.  Information about the mother of the Amerasian.

| Family Name | Given Name | Middle Initial |
|---|---|---|

Living?  ☐ No (Give date of death _____ )  ☐ Yes (Complete address line below)    ☐ Unknown (attach a full explanation)

Address

Section B.  Information about the father of the Amerasian.    If possible, attach a notarized statement from the father regarding parentage.  Explain on separate paper any question you cannot fully answer in the space provided on this form.

| Family Name | Given Name | Middle Initial |
|---|---|---|
| Date of Birth (Month/Day/Year) | Country of Birth | |

Living?  ☐ No (Give date of death _____ )  ☐ Yes (Complete address line below)    ☐ Unknown (attach a full explanation)

Home Address

| Home Phone # | Work Phone # |
|---|---|

At the time the Amerasian was conceived:
☐ The father was in the military (indicated branch of service below - and give service number here):
  ☐ Army    ☐ Air Force    ☐ Navy    ☐ Marine Corps    ☐ Coast Guard
☐ The father was a civilian employee abroad.  Attach a list of names and addresses of the organizations which employed him at that time.
☐ The father was not in the military, and was not a civilian employed abroad.  (Attach a full explanation of the circumstances.)

## Part 6. Complete only if filing for a Special Immigrant Juvenile Court Dependent.

Section A.  Information about the Juvenile.

List any other names used.

Answer the following questions regarding the person this petition is for.  If you answer "no" explain on a separate sheet of paper.

| | | |
|---|---|---|
| Is he or she still dependent upon the juvenile court or still legally committed to or under the custody of an agency or department of a state? | ☐ No | ☒ Yes |
| Does he/she continue to be eligible for long term foster care? | ☐ No | ☒ Yes |

Continued on next page

**Part 7.** Complete only if filing as a Widow/Widower, a Self-petitioning Spouse of an Abuser, or as a Self-petitioning Child of an Abuser

Section A. Information about the U.S. citizen husband or wife who died or about the U.S. citizen or lawful permanent resident abuser.

| Family Name | Given Name | Middle Initial |
|---|---|---|

| Date of Birth (Month/Day/Year) | Country of Birth | Date of Death (Month/Day/Year) |
|---|---|---|

He or she is now, or was at time of death on (check one)

☐ U.S. Citizen born in the United States.
☐ U.S. Citizen born abroad to U.S. citizen parents.

☐ U.S. Citizen through Naturalization  (Show A #)
☐ U.S. lawful permanent resident  (Show A #)
☐ Other, explain

Section B. Additional Information about you.

| How many times have you been married? | How many times was the person in Section A married? | Give the date and place you and person in section A were married. (If you are a self-petitioning child, write: "N/A") |
|---|---|---|
| N/A | N/A | N/A |

When did you live with the person named in Section A? From (Month/Year) _N/A_ until (Month/Year) _____

If you are filing as a widow/widower, were you legally separated at the time of the U.S. citizen's death? ☐ No    ☐ Yes,  (attach explanation).

Give the last address at which you lived together with the person named in Section A, and show the last date you lived together with that person at that address:   N/A

If you are filing as a self-petitioning spouse, have any of your children filed separate self-petitions? ☐ No   ☐ Yes (show child(ren)'s full names):

N/A

**Part 8.** Information about the spouse and children of the person this petition is for.  A widow/widower or a self-petitioning spouse of an abusive citizen or lawful permanent resident should also list the children of the deceased spouse or of the abuser

| | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
|---|---|---|---|---|
| A. | N/A | | | |
| | Country of Birth | Relationship ☐ Spouse   ☐ Child | | A # |
| B. | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| | Country of Birth | Relationship   ☐ Child | | A # |
| C. | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| | Country of Birth | Relationship   ☐ Child | | A # |
| D. | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| | Country of Birth | Relationship   ☐ Child | | A # |
| E. | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| | Country of Birth | Relationship   ☐ Child | | A # |
| F. | Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| | Country of Birth | Relationship   ☐ Child | | A # |

Form I-360 (Rev 03/07/96)N

| Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
|---|---|---|---|
| Country of Birth | Relationship ☐ Child | | A # |
| Family Name | Given Name | Middle Initial | Date of Birth (Month/Day/Year) |
| Country of Birth | Relationship ☐ Child | | A # |

*Read the information on penalties in the instructions before completing this part. If you are going to file this petition at an INS office in the United States, sign below. If you are going to file it at a U.S. consulate or INS office overseas, sign in front of a U.S. INS or consular official.*

art 9. Signature.

ertify, or, if outside the United States, I swear or affirm, under penalty of perjury under the laws of the United States of America, that this petition, and the idence submitted with it, is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization. I thorize the release of any information from my records, or from the petitioning organization's records, which the Immigration and Naturalization Service need determine eligibility for the benefit being sought.

| gnature *Caitlin Haley* | Print Name | Date 8/16/02 |
|---|---|---|
| ignature of INS or onsular Official | | Date |

*Please Note:    If you do not completely fill out this form, or fail to submit required documents listed in the instructions, then the person(s) filed for may ot be found eligible for a requested benefit, and it may have to be denied.*

Part 10. Signature of person preparing form if other than above. (sign below)

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name Maureen O'Sullivan/Monica M. L | Date |
|---|---|---|

Firm Name  Kaplan, O'Sullivan and Friedman, LLP.
and Address 10 Winthrop Square, 3rd floor, Boston, MA  02110

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                    LYNN JUVENILE COURT
                                             DOCKET NO. CP01Y0046

IN RE:

CARE AND PROTECTION OF
MARY AJEDE, DOB 5-5-84

### ORDER REGARDING CHILD'S ELIGIBILITY FOR SPECIAL IMMIGRANT STATUS

Upon consideration of the testimony and/or documents submitted to date the

Court finds the following:

1.    The child Mary Ajede was committed to the custody of the Commonwealth on June 27, 2001 due to abuse, neglect or abandonment.

2.    On ___7-23-01___ the child Mary Ajede was deemed eligible by this Court for long-term foster care due to abuse, neglect or abandonment.

3.    This Court finds that it is *not* in the best interests of the child Mary Ajede to be returned to her country of nationality, Nigeria. This Court finds it is in the child Mary Ajede's best interests to remain in the United States.

An application is to be made to the Immigration and Naturalization Service

pursuant to 8 U.S.C. Section 1101 (a)(27)(j).

Dated: 4/30/02                               _____
                                             Judge

TRUE COPY, ATTEST:

_____

Essex County Juvenile Court
139 Central Avenue
Lynn, MA 01901

OMB No. 1115-0053

U.S. Department of Justice
Immigration and Naturalization Service

**Form I-485, Application to Register
Permanent Residence or Adjust Status**

| START HERE - Please Type or Print | FOR INS USE ONLY | |
|---|---|---|
| | Returned | Receipt |

## Part 1. Information about you.

| | | | | |
|---|---|---|---|---|
| Family Name | AJEDE | Given Name | MARY | Middle Initial T |

Address - C/O *DSS Worker*

Street Number and Name: *Department of Social Services*
*20 Wheeler Street*     Apt. #

City: *Lynn*

| State | *MA* | Zip Code | *01902* |
|---|---|---|---|

| Date of Birth (month/day/year) | *5 15 84* | Country of Birth | *Nigeria* |
|---|---|---|---|

| Social Security # | *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* | A # (if any) | *78631187* |
|---|---|---|---|

| Date of Last Arrival (month/day/year) | *12/27/1996* | I-94 # | |
|---|---|---|---|

| Current INS Status | *B-2 (Overstay)* | Expires on (month/day/year) | *B-Overstay* |
|---|---|---|---|

**FOR INS USE ONLY:** Resubmitted / Reloc Sent / Reloc Rec'd / ☐ Applicant Interviewed

## Part 2. Application Type. (Check one)

I am applying for adjustment to permanent resident status because

a. ☒ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice– or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least on year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☐ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and: *(Check one)*

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**Section of Law**
- ☐ Sec. 209(b), INA
- ☐ Sec. 13, Act of 9/11/57
- ☐ Sec. 245, INA
- ☐ Sec. 249, INA
- ☐ Sec. 1 Act of 11/2/66
- ☐ Sec. 2 Act of 11/2/66
- ☐ Other _____

**Country Chargeable**

**Eligibility Under Sec. 245**
- ☐ Approved Visa Petition
- ☐ Dependent of Principal Alien
- ☐ Special Immigrant
- ☐ Other

**Preference**

**Action Block**

**To Be Completed by
Attorney or Representative, if any**

☒ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #
**MA#380835**

*Continued on back.*

Form I-485 (Rev. 02/07/00)N Page 1

## Part 3. Processing Information

| | |
|---|---|
| **A.** City/Town/Village of Birth *Kano* | Current occupation *N/A* |
| Your mother's first name *Tina* | Your father's first name *Lawrence* |

Give your name exactly how it appears on your Arrival/Departure Record (Form I-94)

*Mary Ajede*

Place of last entry into the U.S. (City/State)

*Boston, MA*

In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)*

*B-2 (Visitor)*

Were you inspected by a U.S. Immigration Officer?    ☒ Yes    ☐ No

| | |
|---|---|
| Nonimmigrant Visa Number *0411227 4* | Consulate where Visa was issued |
| Date Visa was issued (month/day/year) *12/21/1996*    Sex: ☐ Male ☒ Female | Marital Status ☐ Married ☒ Single ☐ Divorced ☐ Widowed |

Have you ever before applied for permanent resident status in the U.S.? ☐ No ☒ Yes If you checked "Yes," give date and place of filing and final disposition.

*my uncle (adoptive father) filed for me but case not finished because he threw me out of the house.*

**B.** List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name *none* | Given Name | Middle Initial | Date of Birth (month/day/year) |
|---|---|---|---|
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you? ☐ Yes ☐ No |

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

*None*

Form I-485 (Rev. 02/07/00)N Page 2

*※ I-485 apparently still pending in Boston*

## Part 3. Processing Information     *(Continued)*

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status).

1. Have you ever, in or outside the U.S.:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☒ Yes ☐ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the U.S.? ☐ Yes ☒ No

2. Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☒ Yes ☐ No

   *Child is in the custody of DSS.*

3. Have you ever:
   a. within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the U.S. in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S., or any other immigration benefit? ☐ Yes ☒ No

11. Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the U.S.? ☐ Yes ☒ No

**Part 4. Signature.** *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records which the INS needs to determine eligibility for the benefit I am seeking.

**Selective Service Registration. The following applies to you if you are a man at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System:** I understand that my filing this adjustment of status application with the Immigration and Naturalization Service authorizes the INS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon INS acceptance of my application, I authorize INS to transmit to the Selective Service System my name, current address, Social Security number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, the INS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| MARY Atede | MARY AJEDE | 8/6/02 | (617) 361-5640 |

**Please Note:** *If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

## Part 5.  Signature of person preparing form if other than above.    *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| | Maureen O'Sullivan | | 617-482-4500 |

| Firm Name and Address | Kaplan, O'Sullivan & Friedman, LLP |
|---|---|
| | Ten Winthrop Sq., 3rd Floor, Boston, MA 02110 |

Department of Justice
igration and Naturalization Service

**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066
Approval expires 4-30-85

| (Family name) | (First name) | (Middle name) | ☐MALE ☐FEMALE | BIRTHDATE (Mo.-Day-Yr.) | NATIONALITY | FILE NUMBER |
|---|---|---|---|---|---|---|
| Ajede | MARY | IBlack | | 5 B 84 | Nigerian | A 786 31187 |

ALL OTHER NAMES USED (Including names by previous marriages)
None

CITY AND COUNTRY OF BIRTH
Kano, Nigeria

SOCIAL SECURITY NO. (If any)
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

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | Ajede | Lawrence | Kano, Nigeria | Deceased 2000 |
| MOTHER (Maiden name) | Ajede | Tina | Kano, Nigeria | Unknown |

HUSBAND(If none, so state) OR WIFE
N/A

| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|
| | | | | | |

FORMER HUSBANDS OR WIVES (If none, so state)

| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
|---|---|---|---|---|
| None | | | | |

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| 19 Ashor Street | Lynn | MA | U.S | Feb | 00 | PRESENT TIME | |
| 57 Tucker Street | Lynn | MA | U.S | Sept | | Jan | 02 |
| 129 West Street | Boston | MA | U.S | Jan | 01 | June | 02 |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE). LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|
| Kevin Mahoney, Stop & Shop (Swampscott) | Stock/pensin | June | 00 | PRESENT TIME | |
| Craig Garland, Rolling Ridge (N. Andover) | office | Aug | 01 | Sept | |
| Gwen's Beauty Salon, River St, Haverhill | Hair Stylist | June | 02 | | |

Show below last occupation abroad if not shown above. (Include all information requested above.)

THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR:
☐ NATURALIZATION ☐ OTHER (SPECIFY)
☒ STATUS AS PERMANENT RESIDENT

Are all copies legible? ☒ Yes

SIGNATURE OF APPLICANT     Mary Ajede     DATE

If your native alphabet is other than roman letters, write your name in your native alphabet here

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

**APPLICANT:** BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.

COMPLETE THIS BOX (Family Name)     (Given name)     (Middle name)     (Alien registration number)
AJEDE     MARY     IBlack

Form G-325 (Rev. 10-1-82) Y

**(1) Ident.**

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service


Processing Sheet

Application of
Petition Form No. _____I-485_____     File No. _____--_____


I-181 Information

**Name:**     Mary Ajede

**ADDRESS:**
c/o  Ms. Mary Soliman
Department of Social Services
20 Wheeler Street
Lynn, Massachusetts 01902


**SEX** Female
**DATE OF BIRTH** 5/5/1984
**CITY OF BIRTH** Kano
**COUNTRY OF BIRTH** Nigeria
**COUNTRY OF NATIONALITY** Nigeria
**COUNTRY OF LAST RESIDENCE** Nigeria
**MARITAL STATUS** Single
**OCCUPATION** Stock Person
**NONIMMIGRANT CLASS AT TIME OF APPLICATION** B-2 (Overstay)
**YEAR ADMITTED TO US** 1996
**U.S. CONSULATE POST WHERE YOU RECEIVED YOUR NONIMMIGRANT VISA**
Lagos
**DATE NONIMMIGRANT VISA ISSUED** 12/21/1996
**NUMBER OF NONIMMIGRANT VISA** 04112274
**CLASSIFICATION OF NONIMMIGRANT VISA** N/A


**MOTHER'S FIRST NAME** Tina
**FATHER'S FIRST NAME** Lawrence
**PRIORITY DATE** N/A
**PREFERENCE** N/A *Special Immigrant Juvenile*
**COUNTRY TO WHICH CHARGEABLE** Nigeria







# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Social Services
### Lynn Area Office
20 Wheeler St., Lynn, Massachusetts 01902
Phone: (781) 477-1600    ◆    Fax: (781) 592-3380

JANE SWIFT
Governor
◆
ʲILLIAM D. O'LEARY
Secretary
◆
LEWIS H. SPENCE
Commissioner
◆
ᵢEMARIE G. VERDERICO
Area Director

## AFFADVAIT OF SUPPORT OF FEE WAIVER

I, Mary Soliman, hereby swear the following to be true:

1)  I, Mary Soliman, as a social worker with the Massachusetts Department of Social
Services Lynn Area Office, and am the Department's representative for Mary Ajede.

2)  Mary Ajede (DOB 5/5/84, Age 18) is committed to the custody of the Department,
has been placed in substitute care and indigent.  The case remains open.

Signed under the pains and penalties of perjury the 21st day of October 2002.

*Mary Soliman*

Mary Soliman
Social Worker
Lynn Area Office

Signed and sworn before me this 21st day of October 2002.

*Sheila Zamejitis*

Sheila Zamejitis
Notary Public
My commission expires May 5, 2006



**Form B. 2**

ORIGINAL

FEDERAL REPUBLIC OF NIGERIA

## NATIONAL POPULATION COMMISSION

### CERTIFICATE OF BIRTH

Issued under the Births and Deaths (Compulsory Registration) Decree 1979

Registration Centre _SABON GARI_    Certificate    № 532013

Town/Village: _INAJE_

L.G.A. _KANO MUNICIPAL_

State _KANO_    _I_ | _1991_ | _1091_
Volume    Year    Entry No.

This is to certify that the birth, details of which are recorded herein, has been registered on

_04_    _11_    _1991_
Day    Month    Year    at this Registration Centre

1.  Full Name: _AJEDE MARY IBHADE_
    (Surname first)    (in block letters)

2.  Sex: _FEMALE_    3.  Date of Birth: _05_  _05_  _1984_
    Day    Month    Year

4.  Place of Birth: _KANO_    Town/Village

5.  Full name of Father: _AJEDE LAWRENCE_
    (Surname first)    (in block letters)

6.  Full name of Mother: _AJEDE ___JA_
    (Surname first)    (in block letters)

Place of issue: _S/GARII_

Date: _04 - 11 - 91_

Signature of Registration Officer

TO: INS

RE: MARY I. AJEDE
129 West St.
Hyde Park, MA 02136

MATTAPAN OBSTETRICS & PEDIATRICS
GEORGETTE JEANTY, M.D.
1535 BLUE HILL AVENUE
MATTAPAN, MA 02126

MATTAPAN OBSTETRICS & PEDIATRICS
GEORGETTE JEANTY, M.D.
1535 BLUE HILL AVENUE
MATTAPAN, MA 02126



FILE No.KP./341/96

Code. KSLG/335/08/96

This Passport contains 48 pages
Ce passport contient 48 pages



PASSPORT
PASSEPORT
FEDERAL REPUBLIC OF NIGERIA
RÉPUBLIQUE FÉDÉRALE DU NIGÉRIA

No. of passport
No. du passeport } C381762

Name of bearer
Nom du titulaire } MISS MARY TBIADE AJEDE.

Sex Sexe } Female

Nationality Nationalité } NIGERIAN

These are to request and require in the name of the President and Commander-in-Chief of the Armed forces of the Federal Republic of Nigeria all those whom it may concern to allow the bearer to pass freely without let or hindrance and to afford him or her every assistance and protection of which he or she may stand in need :

Given at .....ILLORIN.....

this .....27TH..... day of

NOVEMBER, 19 96



DESCRIPTION SIGNALEMENT

Bearer    Titulaire

Profession
Profession — SUSEN

Place and date
of birth
Lieu et date — KANO
de naissance — 5-05-1984

Height
Taille — 1.34 M

Colour of eyes
Couleur des yeux — BROWN

Colour of hair
Couleur des cheveux — BLACK

Special peculiarities
Signes particuliers — NIL

Thumb print of bearer
Empreinte

Signature of bearer
Signature du titulaire — M. I. AJEDE

2

Name of bearer
Nom du titulaire — MISS M. I. OJEDE

3

COUNTRIES FOR WHICH THIS
PASSPORT IS VALID

*PAYS POUR LESQUELS CE*
*PASSEPORT EST VALABLE*

Valid for all parts of the Commonwealth and for all Countries.

The validity of this passport expires: *Ce passeport expire le:*

unless renewed, *à moins de renouvellement.*

issued at }
*délivré à* } 111434.2

date }
*date* } 12TH NOVEMBER, 1996

4

Valid until: 28TH NOVEMBER 2001

---

Name
Nom

CHILDREN    *ENFANTS*

Date of birth
*Date de naissance*

Sex
*Sexe*

RENEWALS
*RENOUVELLEMENTS*

This passport is
hereby renewed and valid until
26TH  NOVEMBER — 2006

537

PASSPORT OFFICER
CONSULATE GENERAL OF NIGERIA
NEW YORK, U.S.A.

28/11/0 o

OBSERVATIONS

5



VNNGAAJEDE<<MARY<IBHADE<<<<<<<<<<<<<<<<<<<<<<<<<
C381762<<9NGA8405058F9612213B31005839228C592



## BTA - BASIC TRAVEL ALLOWANCE

| Year | Date | Amount in Naira | Bank's Sig-nature and Stamp | Currency purchased |
|------|------|-----------------|-----------------------------|--------------------|
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |
| 19... | | | | |

48



## NOTES

1. Nigerian passports are issued and renewed by the competent authorities in Nigeria and by the Diplomatic Missions and Consulates of Nigeria abroad to which application should be made. Passports should not be sent from one country to another by post.

2. They are available for five years in the first instance, unless otherwise stated, and may be renewed from time to time for further consecutive periods of one to five years from the date of expiry, provided the total period of validity of ten years from the original date is not exceeded. The fee for renewal is fifty naira. If at any time the passport contains no further space for visas, a new passport must be obtained.

3. The possession of a passport does not exempt the holder from compliance with any immigration regulations in force in the countries they visited or from the necessity of obtaining a visa or permit where required.

4. Children who have reached the age of sixteen years require separate passports.

## REGISTRATION AT CONSULATES ABROAD

Nigerian citizens who are resident abroad in a country in which Nigeria maintains a diplomatic Mission or Consulate should at the earliest opportunity register their names and addresses at the office of the Mission or Consulate.

Changes of address or departure from the country should also be notified to the Mission or Consulate.

## CAUTION

*This passport remains the property of the Government of the Federal Republic of Nigeria and may be withdrawn at any time. It is a valuable document and should not be altered in any way or allowed to pass into the possession of an unauthorized person. If lost or destroyed the fact and circumstances should be immediately reported to the Passport Office, Abuja, or the nearest Nigerian Mission or Consulate and to the local police. New passports can be issued in such case only after exhaustive enquiries.*

MIA—13—019—001.5/50000.0/5/NSP/KC



Commonwealth of Massachusetts
Department of Social Services
FamilyNet

# Dictation Report

Run Date:    03/29/2003
Module ID: CMETDR

| use Name: | EFEZOKHAE | | | |
|---|---|---|---|---|
| use ID: | 2874553 | | | |

| | Contact Date<br>Method<br>Purpose | Contact With | Role | No Visit Reason |
|---|---|---|---|---|
| **taff Person** | | | | |
| AITLIN M. GILLIGAN | 12/07/2001 01:04 PM<br>In Court<br>Court | | | |

Comment :

The Commonwealth of Massachusetts
Executive Office of Health and Human Services
Department of Social Services
Lynn Area Office
20 Wheeler St., Lynn, Massachusetts 01902
Phone: (781) 477-1600   Fax: (781) 592-3380

u
Jane Swift
Governor
u
Robert P. Gittens
Secretary
u
Lewis H. Spence
Commissioner
u
Rosemarie G. Verderico
Area Director

December 7, 2001

The Honorable Presiding Justice

03/28/03  FRI 16:56 FAX 5923380        LYNN DEPT SOCIAL SERVICE                    ☑ 005

# Commonwealth of Massachusetts
# Department of Social Services

## Service Plan

SP ID: 2822229

This plan is an agreement between the AJEDE family and the Department of Social Services (DSS) for the period of 11/03/2002 To 05/03/2003.

**Problem Statement** (Briefly state the specific reason(s) why services are being provided to this family):

Mary Ajede (DOB 5/5/84) became involved with DSS on 6/19/01 when a 51A was filed alleging the physical abuse and neglect of Mary Ajede by her adoptive father/paternal uncle, Frank Efezokhae. The report alleged that Frank had slapped Mary across the face and thrown her out of the house in her nightgown and refused to let her back in.

Mary Ajede and her two siblings, Alex and Mavis were adopted by their maternal uncle. Their mother, Tina Ajede, was residing in Nigeria and their father passed away in 1999. The children were sent to this country in 1997 by their mother, Tina. Mary has two older siblings who reside in Boston, Tina and Felix.

The Department received custody of Mary through a Care & Protection petition on June 27, 2001. In January 2002, Mary moved into the home of her brother, Felix in Hyde Park. Mary currently resides there with Felix and her 2 younger siblings. Mary signed a Voluntary Placement Agreement with the Department upon her 18th birthday on 5/5/02. Mary's DSS case under her uncle closed, and Mary is now open under her own DSS case. Mary is involved in the PAYA (Preparing Adolescents for Young Adulthood) program and is working cooperatively with her PAYA worker. She is attending Bunker Hill Community College. Mary is working part-time at a hair salon, and is looking for a better paying job. Mary has been actively working on obtaining her greencard, with the assistance of DSS and PAYA worker. A FUP (Family Unification Program) referral was made, and a request for TIL (Towards Independent Living) was made, as Mary's living situation with her brother has not been the ideal living situation for Mary, and she needs to find an alternate place to live.

**Goal:** For each family member included in the plan identify the goal:

| Family Member | Goal | Start Date | End Date |
|---|---|---|---|
| Mary AJEDE | Living Independently | 09/27/2001 | |

**U. S. Department of Justice**
Immigration and Naturalization Service

OMB # 1115-0163
Application for Employment Authorization

| Do Not Write in This Block | | |
|---|---|---|
| Remarks<br><br>A#<br><br>Applicant is filing under 274a.12 _____ | Action Stamp | Fee Stamp |

☐ Application Approved.  Employment Authorized / Extended (Circle one) _____ (Date).
                                 until _____ (Date).
    Subject to the following conditions: _____
☐ Application·Denied.
    ☐ Failed to establish eligibility under 8 CFR 274a.12(a) or (c)
    ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c) (14), (18) and 8 CFR 214.2(f)

I am applying for:    ☐ Permission to accept employment
                  ☐ Replacement (of lost employment authorization document).
                  ☒ Renewal of my permission to accept employment    (attach previous employment authorization document).

1. Name (Family Name in CAPS)    (First)    (Middle)
AJEDE    MARY    IBIADE

2. Other Names Used (Include Maiden Name)

3. Address in the United States    (Number and Street)    (Apt. Number)
109 West Street    2
(Town or City)    (State/Country)    (ZIP Code)
Hyde Park,    M.A    02136

4. Country of Citizenship/Nationality
KANO / Nigeria

5. Place of Birth (Town or City)    (State/Province)    (Country)
KANO    Nigeria

6. Date of Birth (Month/Day/Year)    7. Sex
11 5/5/84    ☐ Male ☒ Female

8. Marital Status  ☐ Married  ☒ Single
    ☐ Widowed  ☐ Divorced

9. Social Security Number (Include all Numbers you have ever used)
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

10. Alien Registration Number (A-Number) or I-94 Number (if any)
A 078631187

11. Have you ever before applied for employment authorization from INS?
☒ Yes    (If yes, complete below)    ☐ No
Which INS office?    Date(s)

Results (Granted or Denied - attach all documentation)

12. Date of Last Entry into the U.S. (Month/Day/Year)
Dec 27th 1996

13. Place of Last Entry into the U.S.
Boston

14. Manner of Last Entry (Visitor, Student, etc.)
Visitor

15. Current Immigration Status (Visitor, Student, etc.)
Pending Adjustment Applicant

16. Go to Part 2 of the instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.).

Eligibility under 8 CFR 274a.12

( C ) ( C ) ( 9 )

## Certification

**Your Certification:**  I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.  I have read the instructions in Part 2 and have identified the appropriate eligibility category in Block 16.

Signature    Mary Ajede    Telephone Number    617-361-5640    Date  2/27/03

**Signature of Person Preparing Form if Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

Print Name    Address    Signature    Date
Maureen O'Sullivan
Kaplan, O'Sullivan & Friedman, LLP
Ten Winthrop Sq., 3rd Floor, Boston, MA 02110

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | |

Form I-765 (Rev. 10/13/98)N Page 7

```
,04.LP.030304115807                    Lynn Juvenile Court                          Date 03-04-03
                                          Lynn Division                             Time 11:58:12
                                       139 Central Avenue
                                         Lynn, MA 01901
--------------------------------------------------------------------------------------------------
Docket No. DL 01Y0358  Delinquency      Case Title AJEDE, Mary        Name AJEDE, Mary         ID 030501

Sex    F  Date of Birth  05/05/84 Alias                    Current Address:            Filing Address:
Weight 150 lbs    Eye Color     BRO      Other Custody  N  91 Park Road               19 Astor Street
Height 5 ft  4 ins Hair Color   BLK      Public Assist.
                                         Prior Record   N  Lynn, MA                   Lynn, MA
                                                                         01904                      01905
Mother:
   Name     Tina Ajede              Maiden    Efezokhae         Guardian Name  Frank Efezokhae
   Current  91 Park Road            Filing    19 Astor Street         Address  91 Park Road
   Address                          Address
            Lynn, MA                          Lynn, MA                          Lynn, MA
                         01904                            0905                                01904
Father:
   Name     NA                                                  Living With:
   Current                          Filing                          Name      Tina Ajede
   Address                          Address                         Relation  mother
                                                               Court of Origin:
                                                               Lynn Juvenile Court
--------------------------------------------------------------------------------------------------
Filing Date 04/17/01             Defendant/Respondent  Ajede, Mary
Complainant/Petitioner:
   Name     John Daigle            CASA Name                     Judge Assigned
   Address  27 Hamilton Street     GAL Name                      PO Assigned
                                   Subject's Atty.               Investigators
            Saugus, Ma             Mother's Atty.
                         01906     Father's Atty.
   Agency
   Title
   Phone    (000) 000-0000

Comments:

------- Cross Reference --------   ----------------- Interdepartmental Assignment -------------   -------- Offense ---------
Docket No.  Case Type              Docket No.         Case Type                                   085     Larceny shoplift as
                                   Date                                                           Date of Offense   04/16/01
                                   Transfer From                                                 Date of Arrest


   Date        Judge                                       Major Action Description
--------------------------------------------------------------------------------------------------
04/17/01  Brennan, Judith M.       Complaint Issued
04/17/01  German, Marjory          Continued to 08/23/01 for Report
04/17/01  German, Marjory          Referral to project D
08/23/01  Edgerton, Michael        Continued to 11/01/01 for Report
08/27/01                           Advanced from 11/01/01 to 09/06/01 at request of Asst. District Attorney
                                   because ADVANCED BY PROBATION
09/06/01  Edgerton, Michael        Dismissed
```

TRUE COPY, ATTEST:

Essex County Juvenile Court
139 Central Avenue
Lynn, MA 01901

```
,04.LP.030304115807                      Lynn Juvenile Court                    Date 03-04-03
                                           Lynn Division                         Time 11:58:12
                                         139 Central Avenue
                                           Lynn, MA 01901
```
--------------------------------------------------------------------------------
```
Docket No. DL 01Y0357 Delinquency     Case Title AJEDE, Mary        Name AJEDE, Mary              ID 030501

Sex    F  Date of Birth  05/05/84 Alias                  Current Address:            Filing Address:
Weight 150 lbs     Eye Color    BRO      Other Custody  N  91 Park Road                19 Astor Street
Height 5 ft 4 ins  Hair Color   BLK      Public Assist.
                                         Prior Record   N  Lynn, MA                    Lynn, MA
                                                                     01904                      01905
Mother:
   Name     Tina Ajede              Maiden   Efezokhae        Guardian Name  Frank Efezokhae
   Current  91 Park Road            Filing   19 Astor Street        Address  91 Park Road
   Address                          Address
            Lynn, MA                         Lynn, MA                         Lynn, MA
                        01904                           0905                             01904
Father:
   Name     NA                                             Living With:
   Current                          Filing                      Name     Tina Ajede
   Address                          Address                     Relation  mother
                                                          Court of Origin:
                                                          Lynn Juvenile Court
```
--------------------------------------------------------------------------------
```
Filing Date  04/17/01           Defendant/Respondent  Ajede, Mary
Complainant/Petitioner:
   Name     John Daigle          CASA Name                       Judge Assigned
   Address  27 Hamilton Street   GAL Name                        PO Assigned
                                 Subject's Atty.                 Investigators
            Saugus, Ma           Mother's Atty.
                        01906    Father's Atty.
   Agency
   Title
   Phone    (000) 000-0000

Comments:
```
--------------------------------------------------------------------------------
```
------- Cross Reference --------   ------------------ Interdepartmental Assignment --------------   -------- Offense ---------
Docket No.  Case Type             Docket No.          Case Type                                     085   Larceny shoplift as
                                  Date                                                              Date of Offense  04/16/01
                                  Transfer From                                                     Date of Arrest
```

```
   Date       Judge                                  Major Action Description
```
--------------------------------------------------------------------------------
```
04/17/01  Brennan, Judith M.      Complaint Issued
04/17/01  German, Marjory         Referral to project D
04/17/01  German, Marjory         Continued to 08/23/01 for Report
05/07/01  Edgerton, Michael       Referral to project Diversion
08/23/01  Edgerton, Michael       Continued to 11/01/01 for Report
08/27/01                          Advanced from 11/01/01 to 09/06/01 at request of Asst. District Attorney
                                  because ADVANCED BY PROBATION
09/06/01  Edgerton, Michael       Dismissed
```

TRUE COPY, ATTEST:

Essex County Juvenile Court
139 Central Avenue
Lynn, MA 01901

```
Docket No. DL 01Y0357 Delinquency     Case Title AJEDE, Mary        Name AJEDE, Mary              ID 030501
```

# EXHIBIT B

Packet of additional supporting documents delivered to Defendants on September 25, 2003.

## KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### ATTORNEYS AT LAW

TEN WINTHROP SQUARE • THIRD FLOOR   BOSTON, MASSACHUSETTS 02110

HARVEY KAPLAN
MAUREEN O'SULLIVAN
JEREMIAH FRIEDMAN

(617) 482-4500
FAX: (617) 451-6828

September 25, 2003

Attn:   Ms. Mirella Tiberi, Immigration Officer
Bureau of Citizenship and Immigration Sevices
JFK Federal Building
Government Center
Boston, MA 02203

**RE:    Mary Ajede/A# 76 002 201
          Application for Special Immigrant Juvenile and Permanent Residence Status**

Dear Ms. Tiberi:

Pursuant to your request for additional information regarding Mary Ajede I am submitting the following documentation:

1.      Original Form I-72;

1.      Original death certificate of Lawrence Ajede.

2.      Original certified docket sheet for Ms. Ajede's court case,  which was dismissed on 9/17/03 by the West Roxbury District Court.

3.      Copy of Affidavit of Counsel In Support of Child's Motion to Clarify Child's Eligibility For Special Immigrant Status;

4.      Affidavit of Cruz Diroche,  Investigator, Lynn Department of Social Services;

Thank you for your attention to this matter. If you have any questions please do not hesitate to call me.

Sincerely,

Maureen O'Sullivan



**U.S DEPARTMENT OF JUSTICE**
**Immigration and Naturalization Service**
*J.F.K. Federal Bldg., Government Center*
*Boston, MA  02203*

---

## Name and Address of Applicant/Petitioner:

Mary Ajede
Delivered in Hand.

| |
|---|
| **Name of Beneficiary:** |
| Mary Ajede |
| **Date:** 9/1/03 |
| **File No:** 76 002 20L |

### Please comply with the checked instructions:

☐ 1. The above application/petition and support documents have been forwarded to your attorney/representative.

☐ 2. You must complete the blocks on your enclosed application/petition which are checked in red.

☐ 3. Furnish the required fee of $_____, for FORM I-_____

☐ 4. Furnish the birth or baptismal certificate of _____

☐ 5. Furnish the marriage certificate of _____

☒ 6. Furnish proof of death or legal termination of marriage, absolute divorce, of *Lawrence Ajede*

☐ 7. You must submit a translation in English of the foreign document._____
The translator certify that he/she is competent to translate and that the translation is accurate.

☐ 8. You must furnish the date and port of each of your entries into the United States and the name of the ship, plane, or other vehicle on which you traveled.

☐ 9. You must furnish two (2) color photographs. See attached instruction sheet.

☐ 10. You must submit a Form I-693 Medical Examination AND a supplemental vaccination page. Both the I-693 and supplement vaccination page must be completed by a *certified civil surgeon*.

☐ 11. You must submit a Form I-864, Affidavit of Support, and/or have a joint sponsor submit a separate I-864 on your behalf. The I-864 must include proof of the sponsor's U.S. Citizenship / Legal Permanent Residence.

☐ 12. Form I-864 Sponsor / Joint Sponsor must submit copies of tax returns for the year(s):

☐ 13. You must submit bona fides documentation relating to your Form I-130, which supports your claim of marriage. This documentation must show the co-mingling of assets of both the petitioner and beneficiary. The names of both the petitioner and beneficiary with the same address or account number must be indicated on the documents. The requested documents may include but are not limited to the following:  Joint, Checking/Savings Accounts, Credit Cards, ATM Cards, Utility Bills, Health/Life/Auto Insurance, Rental/Lease Agreements, Real Estate Deeds/Titles, etc.

☐ 14. You must submit a letter (on official letterhead) from each Police Dept. of any city/town where you have lived (for a duration of six months or more) since your entry into the United States. {These letters must reflect your police record, if any, since your 14th birthday.}

☒ 15. You must submit certified (by stamp or raised seal) original copies of any/all arrest records / court dispositions concerning any/all arrests, charges, citations, convictions, fines, indictments and imprisonment relating to you anywhere and everywhere in the world. Specifically, please submit dispositions for the following offenses:

☒ 16. 4/20/03 Hyde Park MA West Roxbury Court House
Show actual Motion to the Court that DSS
provided for Care & Custody.

Failure to submit documents by 10/1/03 _____will result in the denial of your application.
Please return this letter and all attachments with your response.
FORM I-72
REV 01 April 2002)     cc: O'Sullivan, Esq,



Immigration and Naturalization Service

*John Fitzgerald Kennedy Federal Building*
*Government Center*
*Boston, Massachusetts 02203*

*Please Refer to this File Number:*

Dear Applicant/ Petitioner

In order to serve you more efficiently, you are requested to hand deliver the documents that were requested at your interview in person at the following address:

> JFK FEDERAL BUILDING
> IMMIGRATION AND NATURALIZATION ROOM E-140
> GOVERNMENT CENTER
> BOSTON, MASSACHUSETTS
>
> *NOON*
> BETWEEN THE HOURS OF 7:30am AND 2:30pm
> ANY DAY MONDAY THROUGH FRIDAY
> **EXCEPT** THE THIRD (3rd) FRIDAY OF EVERY MONTH
> ROOM E-140 IS **CLOSED** ON THAT DAY EVERY MONTH

You must bring the N-14 or I-72 (Request for Documents) that was given to you at the interview and all the items you were asked to submit within the allotted time period. Failure to do so may result in denial of your application. Mailing in your documents will delay processing of your application.

Sincerely,

Denis C. Riordan
Acting District Director

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS
LYNN JUVENILE COURT
DOCKET NO. CP01Y0046

IN RE:

CARE AND PROTECTION OF
MARY AJEDE, DOB 5-5-84

### AFFIDAVIT OF COUNSEL IN SUPPORT OF CHILD'S MOTION TO CLARIFY CHILD'S ELIGIBILITY FOR SPECIAL IMMIGRANT STATUS

I, Heather Ramsey do depose and state the following upon personal knowledge or upon information and belief:

1.      I am an attorney licensed to practice in the Commonwealth of Massachusetts, and I am appointed to represent Mary Ajede in the Care and Protection Petition pending in this Court.

2.      My review of the Court docket indicates that Mary was committed to the temporary custody of the Department of Social Services on June 27, 2001, due to abuse, neglect or abandonment.  She remains in the temporary custody of the Department at this date.

3.      The child has been in long term foster care since her commitment to the custody of the Department due to abuse, neglect or abandonment.  The Department has agreed to retain custody of Mary beyond her eighteenth birthday.

4.      There are numerous reasons why it is not in the best interests of the child for her to return to her native country, Nigeria.  These reasons include the absence of any close family in that country, the absence of any kinship or similar social support system for her in that country, her lack of familiarity with the customs and mores of that country, her lack of skills enabling her to feed, clothe and house herself in that county, and her perceived fear of the customs and culture of that country.

5.      The child is fearful of the customs and culture of Nigeria.  She perceives that women are not afforded the same rights and benefits in society in Nigeria that women are afforded in the United States.  Mary has lived during her formative teenage years in the United States and has adopted the belief that women are equal to men in all respects, and should be treated by governments and society as equals in all respects.  Mary perceives that her beliefs in this regard are not the norm in Nigeria, and that she would suffer for it if she were returned there.

6.    It is in the best interests of the child that she remain in the United States for many reasons. Her siblings are all in this country, her primary social contacts and support system are in this county, her opportunities to continue her education are significantly greater in this country, and she has adopted many of the social norms and values of this country. Simply put, Mary has little if any ability to survive and support herself in Nigeria, but if she were to remain in the United States, she is well prepared to support and advance herself.

7.    Mary is a citizen of Nigeria, who was adopted by her uncle in Lynn, Massachusetts. Her uncle had applied and sponsored Mary for a green card (legal alien status) for Mary prior to her removal from his home. Her uncle also adopted Mary's siblings, and he applied and sponsored Mary's siblings for green cards. Those siblings were not removed from the uncle's care and custody, and have received green cards with his sponsorship.

8.    Unless Mary applies for special immigrant juvenile status prior to her birthday on May 5, 2002, Mary will lose the ability to apply for legal alien status through this provision.

9.    The Department has agreed to keep Mary in their custody beyond her majority, and to assist Mary with acquiring her green card through the special immigrant juvenile process. Mary desires to remain in their custody, and to acquire a green card through the special immigrant juvenile process.

10.    Since the Department took custody of Mary, her immigration status was unclear. For a time, the Department believed that Mary's application for a green card had been approved. Last month, the Department learned that Mary did not have a green card. Since that time, the Department has worked with Mary and it's contracted immigration attorney to explore Mary's options for obtaining a green card. The Department has agreed to keep Mary in their custody beyond her eighteenth birthday and to assist her in applying for special immigrant juvenile status.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 18th DAY OF APRIL, 2002.

In RE: Mary Ajede (dob: 5/5/1984)
Affidavit of Cruz Diroche
June 27, 2001



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Social Services

### Lynn Area Office
20 Wheeler St., Lynn, Massachusetts 01902
Phone: (781) 477-1600 ◆ Fax: (781) 592-3380

**JANE SWIFT**
Governor
◆
**WILLIAM D. O'LEARY**
Secretary
◆
**JEFFREY A. LOCKE**
Commissioner
◆
**ROSEMARIE
VERDERICO**
Area Director

June 27, 2001

In RE:                              )
**MARY AJEDE**                      )
**(dob: 5/5/1984  )**               )        **AFFIDAVIT OF CRUZ DIROCHE**
_____)

I, Cruz Diroche do hereby say and depose that:

1. I am a social worker employed by the Department of Social Services, with an office located at 20 Wheeler St., Lynn, MA.

2. Mary Ajede is a minor child, with her date of birth listed above. Her temporary and current address is: 91 Park Rd., Lynn, MA 01904.
   Her last address was with her uncle and aunt, Frank and Felicia Efezokhae at 19 Astor St., Lynn, MA.

3. Tina Ajede is the biological mother of Mary Ajede and her siblings. Her current address is in Nigeria. It is reported that Mrs. Ajede sent her five children to Massachusetts approximately 4 years ago (1997) to reside with her brother (Frank Efezokhae). Mr. Efezokhae has reportedly adopted Mary Ajede and her siblings, Alex and Mavis.

4. Mary Ajede's father, name unknown at this time, is reportedly deceased.

5. Alex Ajede (dob: 5/5/1989) is the biological brother of Mary Ajede. He currently resides with his maternal uncle Frank Efezokhae and Felicia Efezokhae at 19 Astor St., Lynn, MA. Alex Ajede is not named in this petition.

1

In RE: Mary Ajede (dob. 5/5/1984)
Affidavit of Cruz Diroche
June 27, 2001

6. Mavis Ajede (dob: 5/8/1987) is the biological sister of Mary Ajede. She currently resides with her maternal uncle Frank Efezokhae and Felicia Efezokhae at 19 Astor St., Lynn, MA. Mavis Ajede is not named in this petition.

7. Tina Ajede (age approximately 25) and Felix Ajede (age approximately 24) are the biological siblings of Mary Ajede. Both reside in Boston, MA. Neither adult is named in this petition.

8. Frank Efezokhae, Jr. (dob: 7/2/82); Edwin Efezokhae (dob: 11/16/94); and Joli Efezokhae (dob: 7/13/88) are the biological children of Frank and Felicia and reside at the 19 Astor St., Lynn, MA address. They are not named in this petition.

9. On 6/19/2001, the Department received a 51a report stating the following: "Reporter states that on the evening of 6/16/01, Frank hit Mary and kicked her out of the home. Reporter states that Mary went to the police station and obtained a 209A against Frank. Frank and Felicia adopted Mary, Mavis and Alex this past Spring. Frank is Mary's mother's brother.

Mary reports that she has a radio in her bedroom and Mary reports that she was listening to her radio in her bedroom and Frank told her to turn it off and she turned it down. Frank came in to her room later, approx. 11:30PM and told her to turn the radio off again and Mary said Why. Frank proceeded to "attack" the radio and told Mary to go downstairs. On the way down the stairs, Frank stopped Mary and slapped her across the face and then pushed her out the door and told her not to come back. Mary reports that she was in her nightgown. Reporter states that during the past school year there have been 3 prior incidents where Frank has been physical with Mary, either "violently shaking" her, slapping her or dragging her out of bed. Reporter states that according to Mary, her 2 other siblings are subject to strict parental control, however, he is not physical with them.

Reporter states that Mary's father was killed in Nigeria. Mary's mother is still alive in Nigeria, however, she is sickly. Mary's mother sent her 5 children here to MA approx. 4 years ago to live with her brother. Mary has 2 older siblings, Tina is 25 and Felix Odigie is 24. They both live in Boston. Tina's phone # is 617-921-5510. Felix's phone # is 617-306-1250. Tina is a nurse and Felix is working and attending school.

Mary has been staying with Joan Comeau, Park Road, Lynn, 599-7373. Julie Todd, the pastor of her church, Christ Methodist Church on the corner of Union St. and Chestnut St., arranged that placement for Mary and Julie went to court with Mary yesterday for the 209A hearing. The church also helped Mary to obtain clothing. Mary will be able to return to get her things with the police. Mary reports that she can stay with Joan a few more days. Reporter states that he attempted to contact Tina and Felix today without success. Reporter states that he has referred Mary to Diane Moses of Family and Children's Services, N. Common St., Lynn. Reporter states that

2

In RE:  Mary Ajede (dob: 5/5/1984)
Affidavit of Cruz Diroche
June 27, 2001

he has not spoken with Diane yet but plans on driving Mary there when school ends at 10:30 today.

Reporter states that Mary has been doing reasonably well in school.  Her attendance is good.  She is a Junior this year at Lynn Tech. and will be a senior next year."

10. On 6/19/01, this 51a report was assigned to this worker to conduct a 51b investigation.

11. This investigator reviewed the prior DSS case record.  The record shows that on 12/17/1997, a 51a report was supported due to the physical abuse of Alex Ajede (age 8.7 at the time) by his uncle, Frank Efezokhae, and the physical abuse of Frank Efezokhae, Jr. by his father, Frank Efezokhae, Sr.  The report was supported as Alex reported that his uncle Frank "bops him with an open hand across the side of his head and face, and sometimes it hurts."  The report was also supported on behalf of Frank, Jr. because his father slapped him across the face, resulting in a bloody nose. [It should be noted that Mary Ajede was not living with this family at the time of the Department's involvement.]

12. The case was assigned to Assessment Social Worker, Carol Gonzalez, Lynn DSS, on 12/18/1997.

13. During the time of assignment and case assessment, Ms. Gonzalez had made approximately 10 attempts to meet with the family (letters, phone calls, unannounced home visits).  During all attempts, the family was reluctant to meet with the Assessment Social Worker.  On 1/21/1998, the Assessment SW went to the home on an unannounced home visit.  While the worker was allowed into the home, Mr. Efezokhae informed Ms. Gonzalez that he had "already dealt with DSS and he did not have to go through with this."  The biological mother of the children (Alex, Mavis, and Mary), Ms. Tina Ajede, was in the home, however, on her way out to the airport for a flight back to Nigeria.  Ms. Ajede informed the Assessment SW that she felt that her brother (Frank Efezokhae, Sr.) "was doing a great job with the kids and she had no concerns."
On 2/4/1998, another unannounced home visit was conducted by Ms. Gonzalez.  Ms. Felicia Efezokhae was home.  She stated that the children are well cared for, and requested that Ms. Gonzalez check with the school to document the children's perfect attendance and above grade level skills.  Ms. Efezokhae refused to sign a release for this verification.  The children then came home from school as the SW was leaving the home (as Ms. Efezokhae only allowed Ms. Gonzalez to remain in the home for 20 minutes).  Each child (except for Joli and Mary who were not there) reported (after being asked) that they had not been hit, and Alex and Frank had not been hit again.  During 2/1998 and 3/1998, the schools were contacted, and no new concerns were expressed.  The case closed on 3/23/1998, due to the family's refusal of services from the Department, and the children's basic needs being met, with no new disclosures of physical abuse of the children.

3

In RE: Mary Ajede (dob. ⌐/5/1984)
Affidavit of Cruz Diroche
June 27, 2001

14. On 6/19/01, this worker went to the Efezokhae/Ajede home in an attempt to meet with the caretakers, Mr. and Mrs. Efezokhae. Felicia Efezokhae was home, however, refused to meet with me, stating she was on her way out to work and did not have any time to speak with me.

15. On 6/20/01, Mr. Efezokhae called this worker and scheduled a home visit for 6/25/01.

16. On 6/20/01, this worker met with Mary Ajede at the home in which she is staying (with a Church member). Mary stated that she and her uncle got into an altercation when she refused to turn her radio off, after her uncle (Frank Efezokhae) told her to do so. Mary stated that later on in the evening (6/16/01), her uncle told her again to turn off the radio and Mary asked him "why." Mary stated that her uncle then proceeded to "attack" her radio and told Mary to go downstairs. She stated that on the way down the stairs, she took her uncle's radio from where it was and placed it elsewhere. She stated she did this "just to get even." Mary stated that her uncle stopped her, slapped her across the face, and then pushed her out the door and told her not to come back. Mary reports that she was in her nightgown. Mary stated that she called her older brother and then Ms. Joan Comeau (with whom Mary is currently staying). Mary reported that there have been three prior incidents in which her uncle has been physical with her. She stated that her uncle has "violently shaken me, slapped me or dragged me out of bed." When asked if she knew of anyone else in the home being hit, Mary stated "not that I know of." Mary adamantly stated that she is not going to return home to her uncle's. Ms. Comeau reported that Mary could only stay at her home for a few days.

17. On 6/20/01, Mary was taken to the Tri City Mental Health Crisis Center (by Ms. Comeau) due to crying uncontrollably at the home. She was not hospitalized, however, and returned to Ms. Comeau's home, where she remains to date.

18. On 6/25/01, this worker met with Mr. Efezokhae. He denied the allegations that he has hit Mary, slapped Mary, attacked her, violently shaken her, or that he dragged her out of bed. He stated that Mary has had difficult behaviors. He stated that Mary has told everyone that he gets $500.00 per week, per child, from the state for the care of the children (Mary, Mavis and Alex Ajede). Mr. Efezokhae denied this, stating that the children are in the United States "illegally, as they have no papers." Mr. Efezokhae has been caring for the children for their mother, as the children's father is deceased and the children's mother is "sickly."
Mr. Efezokhae stated that on 6/16/01, he came home with a headache, after being at the immigration office, attempting to get the children a legal status. He stated that the living room fan was on, and all the windows were closed, however, when asked, no one admitted to doing this. Later that evening, Mary was asked to turn off the music as he (Mr. Efezokhae) did not feel good. He stated that the other children were in bed and Mary refused to turn off her radio. He then went into the room and shut off Mary's radio. He further admitted that he told Mary that if she was not going to listen to him, she could leave their home. Mary then came down the stairs, went into the

4

In RE: Mary Ajede (dob: 5/5/1984)
Affidavit of Cruz Diroche
June 27, 2001

living room, and took his music system apart. Mr. Efezokhae stated that he then took Mary by her arms and escorted her out of the home.

Mr. Efezokhae also stated that Mary has been caught shoplifting at the Square One Mall, has cut the home phone wires in the basement and has been swearing at her teachers.

He further stated that if Mary does not want to come home, "so be it."

Mr. Efezokhae also stated that his sister (Mary, Mavis and Alex' mother) will be in town in approximately two weeks.

19. Mr. Felix Ajede (the oldest brother of Mary and her siblings) reported that he did go the home on 6/18/01, after being called by Mary. He stated that in his culture, the eldest has the right to physically discipline their youngest. He further stated that Mary has been very disruptive in the home, and has been known to overreact to things. He stated that when he arrived to the home, he heard Mary swearing and yelling at their uncle. He attempted to work things out between Mary and their uncle, however, was unsuccessful. He stated that he cannot care for a 17 year old teenager, as he is a computer consultant and is never in town.

Mr. Ajede confirmed that his and the children's mother will be in town in two weeks.

20. On 6/26/01, this worker met with Mavis Ajede. Mavis stated that she was not home on the night of the incident with Mary. She was working at the time. Mavis did report that the last incident between Mary and their uncle occurred when the uncle called Mary a "bastard" and Mary then called him a "bastard" and their uncle slapped Mary, and a "fight broke out between them." Mavis reported that these incidents occur when she (Mavis) is not around and stated that if she were there, she could tell Mary to "let it go" and Mary would do so. Mavis confirmed that she is "somewhat" of the family peace-maker.

21. On 6/26/01, this worker spoke with Alex Ajede, who confirmed that he heard a slap on the evening of the reported incident, but did not see it. He confirmed the argument between Mary and their uncle. Alex denied currently being hit by the uncle, but stated that the last time their uncle hit him was in November, 2000. He stated, however, that he feels safe in the home.

5

In RE: Mary Ajede (dob: 5/5/1984)
Affidavit of Cruz Diroche
June 27, 2001

Based upon the above-statements, and the fact that Mary Ajede is refusing to return to her
uncle's home, her uncle's lack of pursuit to have Mary return home, and no caretaker
being able to care for Mary, the Department is respectfully requesting temporary
emergency custody of **MARY AJEDE.**

Respectfully Submitted,

Cruz Diroche, Investigator
Lynn Dept. of Social Services
20 Wheeler St.
Lynn, MA  01902
781-477-1600

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

Signed and sworn before me this 27th day of June, 2001

Janice Benevento
Notary Public
My Commission Expires:  October 6, 2006

6

**MURTALA MUHAMMAD/BAYERO UNIVERSITY TEACHING HOSPITAL KANO.**

**MEDICAL CERTIFICATE OF CAUSE OF DEATH**

V.S. Registry 34

I HEREBY CERTIFY .
that I have medically attended

No. 1025/99 D

Original/Dup.

Lawrence Ajede
of No. 26 Jungery Road who was apparently[2]
or stated to be aged 67 years, that I last saw him
on the 24th Dec. 1999 that he was then
suffering from Severe hypertension that he
died as I am aware,[3] or informed on the 24th day of Decembe,
19 99 at[4] 10:10 A.M and that the cause of death was
to the best of my knowledge and belief as herein stated. viz:-

Primary cause Severe hypertension
Secondary cause Heart failure
and[5] that the disease had continued Six months

Witness my hand this 24th day of Dec 19 99

Medical
Qualification MrB.B.S
Address: Murtala moh - Spec
hosp. Kano.

Dr - Aruma
Chief Medical Director
**MURTALA MOHD. SPEC. HOSPITAL K A N O.**

1. State Address
2. Omit "apparently" or "or stated to be" as the case may be.
3. Omit "aware or" when hour of death is known from report.
4. State the time.
5. State duration of illness if possible.
Note that by primary cause of death is meant the disease present at the time of death, which is initiated the train of events leading thereto, and not a secondary contributory or immediate cause or terminal condition or mode of death.

| CRIMINAL DOCKET | 0306CR001898 | 1 | District Court Department |
|---|---|---|---|

| DEFENDANT NAME AND ADDRESS | DOB | GENDER | COURT NAME AND ADDRESS |
|---|---|---|---|
| MARY AJEDE<br>129 WEST STREET #2<br>HYDE PARK, MA 02136 | 05/05/1984 | FEMALE | WEST ROXBURY DISTRICT COURT<br>445 ARBORWAY<br>JAMAICA PLAIN, MA 02130-3688<br>(617)971-1200 |
| | DATE COMPLAINT ISSUED<br>06/23/2003 | | |
| | PRECOMPLAINT ARREST DATE<br>06/20/2003 | | INTERPRETER REQUIRED |

**FIRST FIVE OFFENSE COUNTS**

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 265/13A/B | A&B c265 §13A(a) | 06/20/2003 |

DEFENSE ATTORNEY

| OFFENSE CITY/TOWN | POLICE DEPARTMENT |
|---|---|
| HYDE PARK | BOSTON P.D. -AREA E- |

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED |
|---|---|---|---|
| 6-23-03 | ☑ Attorney appointed (SJC R. 3:10)<br>☐ Atty denied & Deft. Advised per 211 D §2A<br>☐ Waiver of Counsel found after colloquy | 6/23 | Legal Counsel Fee (211D § 2A¶2)<br>$ 150 - CVS    ☐ WAIVED |
| | | | Legal Counsel Contribution (211D § 2)<br>$ 150    ☐ WAIVED |
| | Terms of release set: ☑ PR  ☐ Bail<br>☐ See Docket for special conditions<br>☐ Held (276 §58A) | | Default Warrant Assessment Fee (276 § 30 ¶2)<br>$    ☐ WAIVED |
| | | | Default Warrant Removal Fee (276 § 30 ¶1)<br>$    ☐ WAIVED |
| | Arraigned and advised: ☑ Potential of bail revocation (276 §58)<br>☐ Right to bail re review (276 §58)<br>☐ Right to drug exam (111E § 10) | | Probation Supervision Fee (276 § 37A)<br>$    ☐ WAIVED |
| | | | Bail Order Forfeited |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy<br>☐ Does not waive | | |
| | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | |

**SCHEDULING HISTORY**

| NO. | SCHEDULED DATE | EVENT | RESULT | JUDGE | TAPE START/STOP |
|---|---|---|---|---|---|
| 1 | 06/23/2003 | ARR | ☐ Held  ☐ Cont'd | | |
| 2 | 7-14-03 | PTH | ☐ Held  ☐ Cont'd | | |
| 3 | 9-17-03 | Trial | ☐ Held  ☐ Cont'd | | |
| 4 | 9-18-03 | SRP | ☐ Held  ☐ Cont'd | | |
| 5 | | | ☐ Held  ☐ Cont'd | | |
| 6 | | | ☐ Held  ☐ Cont'd | Richard L. Walsh | |
| 7 | | | ☐ Held  ☐ Cont'd | | |
| 8 | | | ☐ Held  ☐ Cont'd | True copy attest | |
| 9 | | | ☐ Held  ☐ Cont'd | | |
| 10 | | | ☐ Held  ☐ Cont'd | | |

**APPROVED ABBERIVATIONS**

ARR = Arraignment    PT= Pretrial hearing    CE = Discovery compliance & jury selection    T = Bench trial    JT = Jury trial    PC = Probable cause hearing M = Motion hearing    SR= Status review
SRP = Status review of payments    FA = First appearance in jury session    S = Sentencing    CW = Continuance-without-finding scheduled to terminate    P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted    WAR = Warrant Issued    WARD = Default warrant issued    WR = Warrant or default warrant recalled    PV = probation violation hearing

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK<br>X | | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|---|

0306CR001898

**COURT / OFFENSE** A&B c265 §13A(a)

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|

DISPOSITION DATE AND JUDGE: Whelen 9-17-03

☐ WAIVED

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☑ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

**FINDING**
☐ Guilty
☐ Responsible
☐ Probable Cause
☐ Not Guilty
☐ Not Responsible
☐ No Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged
☐ Sentence or disposition revoked (see cont'd page)

JUDGE      DATE 9-17-03

---

**COUNT / OFFENSE**

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|

DISPOSITION DATE AND JUDGE

☐ WAIVED

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

**FINDING**
☐ Guilty
☐ Responsible
☐ Probable Cause
☐ Not Guilty
☐ Not Responsible
☐ No Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged
☐ Sentence or disposition revoked (see cont'd page)

JUDGE      DATE

---

**COUNT / OFFENSE**

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|

DISPOSITION DATE AND JUDGE

☐ WAIVED

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

**FINDING**
☐ Guilty
☐ Responsible
☐ Probable Cause
☐ Not Guilty
☐ Not Responsible
☐ No Probable Cause

**FINAL DISPOSITION**
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged
☐ Sentence or disposition revoked (see cont'd page)

JUDGE      DATE

# EXHIBIT C

Letter from Plaintiffs counsel to Defendant requesting adjudication, July 28, 2004.

# KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110
E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

July 28, 2004

Myra Strauss
Supervisor
U.S. Citizenship and Immigration Services
Examinations Section
JFK Federal Building
Government Center, MA 02203

Re: Mary Ajede-Special Immigrant Juvenile
    A76 002 201

Dear Ms. Strauss:

I am writing to ask you to please, adjudicate this case which has been pending since March 2003. Mary was interviewed by Michele Watkinson on July 1, 2003. The officer requested additional information which we provided on September 25, 2003. Since then, I have submitted Mary's name to you on the lists of unresolved juvenile cases, but we have not received any communication from your office.

This case is somewhat unusual in that Mary was adopted by her uncle who, I believe, previously filed an I-360/485 on her behalf. Mary's relationship with the uncle later soured and he threw her out of the house. As a result of this and reports of violence, DSS took custody of Mary on June 27, 2001(initially temporary custody.) Mary's natural father is dead and her mother lives in Nigeria.

On the day of the interview, you came into the interview and expressed concern that Mary's natural mother had traveled back and forth to the United States. We do not dispute this. What we ask you to understand is that **Mary's mother has not and does not take care of her.** First her mother left Mary with her uncle then when that arrangement broke down, the mother allowed Mary to be taken into DSS custody and remain there for the past three years. Surely the fact that she has come to the United States, but has not intervened to help Mary is evidence of neglect.

Please do not penalize Mary because her mother is irresponsible and travels to the United States and back to Nigeria. If you approve Mary's case, her mother cannot benefit from this as the law specifically prevents a natural parent from gaining an immigration benefit from a special immigrant juvenile. Mary is trying to go to college. This is very difficult without permanent residence.

I have enclosed an additional copy of the packet of documentation which we delivered on September 25, 2003 in case it did not make it to the file. We mistakenly addressed that cover letter to Mirela Tiberi, however, we did include the correct A number. Please help us to resolve this case.

Thank you.

Sincerely,

Maureen O'Sullivan

cc: Dianne Curran
    Associate General Counsel, DSS

# EXHIBIT D

Letter from Plaintiffs, DSS Commissioner, to Defendant requesting adjudication of long delayed cases with attached list that includes Mary Ajede's case, September 27, 2004.



MITT ROMNEY
Governor
◆
KERRY HEALEY
Lieutenant Governor
◆
RONALD PRESTON
Secretary
◆
LEWIS H. SPENCE
Commissioner

The Commonwealth of Massachusetts
Executive Office of Health and Human Services
**Department of Social Services**
24 Farnsworth Street, Boston, Massachusetts 02210
Tel (617) 748-2000 ◆ Fax (617) 261-7435

September 27, 2004

Denis Riordan, District Director
U.S. Citizenship and Immigration Services
Department of Homeland Security
John F. Kennedy Federal Building
Government Center
Boston, MA  02203

Re:  Special Immigrant Juveniles

Dear Mr. Riordan:

I am writing to request your assistance with resolving an issue that is of critical importance to the Massachusetts Department of Social Services and the immigrant children in our custody.

As I believe you know, we regularly file petitions for special immigrant status and applications for adjustment of status for foreign born children who are in our custody. These I-360/I-485 applications are filed with your office and handled by the Examinations Section.

I have attached a list of pending applications which have yet to be adjudicated. As you can see, many of these children were interviewed over a year ago. One of the children was interviewed in 2001. Another child will be 21 in December. In some cases, we were asked to provide additional documentation and we have done so. Some of the children will need new fingerprints if they are not decided promptly and will require our workers to accompany them through the process once again.

I am asking for your assistance because these delays cause real hardships for the children at issue and severely tax the limited resources within our offices. We struggle to provide the best services possible in a challenging environment. We try to do so in an expeditious manner, not only because federal child welfare law requires it, but because it is appropriate to be mindful of a child's sense of time.

Rest assured, we carefully review the circumstances of immigrant children in our custody and support I-485/I-360 petitions/applications only when we believe that the children at issue meet eligibility criteria as special immigrant juveniles. We have modified our procedures to try to provide your officers with everything they need by the time of the interview. We provide detailed documentation of the circumstances of abuse, neglect or abandonment which caused us to take custody. We are willing to do whatever we can on our end to give you what you need to make final decisions in a timely manner.

I would appreciate your assistance in resolving these cases as soon as possible. I invite your suggestions as to what we can do going forward to work together to resolve any issues that are causing delays. We would welcome an opportunity to meet with you and your staff for an information session during which we could share information regarding agency procedures and answer any questions you may have about our agency. If you would like to arrange such a meeting, please call our Deputy General Counsel, Dianne Curran at 617-748-2020. You may also feel free to contact Attorney Maureen O'Sullivan, who is handling the I-360/I-485 applications now before you and she will follow up with us.

Thank you for your consideration.

Sincerely,

Lewis H. Spence
Commissioner

Cc:    Dianne Curran, Esq.
       Maureen O'Sullivan, Esq.

Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110
E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

# DSS CASES TO BE ADJUDICATED

**To:**     Ms. Myra Strauss
**From:**  Maureen O'Sullivan
**Re:**     Special Immigrant Juvenile
**Date:**   September 22, 2004

| Name | DOB | A# | Date of Interview |
|------|-----|----|-------------------|
| Peter Francois | 07/15/1984 | 78 629 893 | 10/02/2001 |
| Yan Luz | 05/10/1986 | 79 678 888 | 04/22/2003 |
| Nancy Guerrier*** | 12/05/1983 | 79 678 852 | 05/19/2003 |
| Freda Kahinda | 02/02/1985 | 79 680 762 | 05/19/2003 |
| Carlos Chinchilla | 05/16/1984 | 79 679 434 | 05/22/2003 |
| Margaret Bukenya | 08/15/1986 | 79 679 221 | 06/18/2003 |
| Ramon Torres | 03/15/1986 | 44 731 017 | 09/02/2003 |
| Mary Ajede | 05/05/1984 | 76 002 201 | 07/01/2003 |
| Filemon Cruz | 11/07/1984 | 96 407 997 | 12/10/2003 |
| Andres F. Garcia | 11/19/1984 | 96 409 328 | 02/17/2004 |
| Christelle Aka | 03/05/1986 | 96 409 327 | 02/17/2004 |

***<u>Please note: Nancy Guerrier will turn 21 on December 5, 2004.</u>

# EXHIBIT E

Defendant's notice of intent to deny this case, October 7, 2004.



**U.S. DEPARTMENT OF HOMELAND SECURITY**

U.S. Citizenship and Immigration Services

Date: OCT - 7 2004

Mary Ajede
Ms. Mary Soliman (DSS)
20 Wheller Street
Lynn, MA  01902

*John Fitzgerald Kennedy Federal Building*
*Government Center*
*Boston, Massachusetts 02203*

PLEASE REFER TO THIS FILE NUMBER

**A076002201**

## NOTICE OF INTENT TO DENY PETITION
## FOR SPECIAL IMMIGRANT JUVENILE

Reference is made to your Petition for Special Immigrant Juvenile (Form I-360) filed on or about May 19, 2003.

Title Eight, Section 204.11 of the Code of Federal Regulations states an alien is eligible for classification as a special immigrant under Section 101(a)(27)(J) of the Act if the alien:  (1) is under twenty-one years of age;  (2) is unmarried;  (3) has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;  (4) has been deemed eligible by the juvenile court for long-term foster care;  (5) continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and has been a subject of judicial proceedings or administrative  proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the aliens best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents; or on November 29, 1990 met all the eligibility requirements for special immigrant juvenile status in paragraphs (c)(1) through (c)(6) of this Section, and for whom a petition for classification as a special immigrant juvenile is filed on Form I-360 before June 1, 1994.

The Commonwealth of Massachusetts Lynn Juvenile Court issued an Order Regarding Child's Eligibility for Special Immigration Status on April 30, 2002.  That order indicated that you were deemed eligible for long-term foster care due to abuse, neglect or abandonment.  Subsequently, the Department of Social Services (DSS) indicated on their Dictation Report dated March 28, 2003 that your mother (Tina Ajede) "has come to the United States from Italy" and that "Ms. Ajede has expressed a desire to have you live with her again".  The DSS report also stated that your siblings (Mavis and Alex) have been living with her. You cannot be deemed <u>dependent</u> on long-term foster care after your mother has voluntarily expressed a credible interest in having you live with her again.

You are hereby provided a period of eighteen (18) days from the date of this notice to establish why your petition should not be denied.

Sincerely,

Denis C. Riordan
District Director

cc:Maureen O'Sullivan, Esq.
BY: ADS

# EXHIBIT F

Plaintiffs response to notice of intent to deny, October 21, 2004.

# KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110

E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

October 21, 2004

Attn:   Mr. Denis Riordan, District Director
Boston District Office
U.S. Department of Homeland Security
United States Citizenship and Immigration Services
JFK Federal Building Government Center
Boston, MA 02203

RE:    **Mary Ajede/Notice of Intent To Deny Visa Petition**
       **File Number:  A076002201**

Dear Mr. Riordan:

I continue to represent Mary Ajede regarding her application for permanent residence status. Specifically, I am referring to your most recent correspondence, **Notice of Intent To Deny Visa Petition**.

Enclosed please find documentation specifying reasons that this petition should not be denied:

1*      Affidavit of Mary Soliman, Department of Social Services, Social Worker;

2*      Affidavit of Mary Ajede;

3*      Letter from Dianne Curran, Deputy General Counsel, Department of Social Services.

Thank you for your attention to this matter.

Sincerely,

Maureen O'Sullivan

*F*

## AFFIDAVIT OF MARY SOLIMAN

I Mary Soliman hereby swear the following to be true:

1. I am a social worker employed by the Massachusetts Department of Social Services. I am based in the Lynn office and am the caseworker for Mary Ajede.

2. DSS first obtained custody of Mary on June 27, 2001. At that time, a care and protection petition was filed based on abuse and neglect by Mary's adoptive father, Frank Efezokhae. Mr. Efezokhae is Mary's uncle and he had adopted Mary and her siblings.

3. A couple of months after DSS obtained custody of Mary, we had contact with her mother, Tina Ajede, who had apparently arrived in the United States from Italy. We hoped that the mother would take guardianship of Mary. We spent several months working with Tina Ajede trying to get her to accept guardianship of Mary. She initially said that she would accept guardianship, but when the time came to finalize the guardianship in early 2002, she refused to take guardianship of Mary.

4. Since Tina Ajede was unwilling to accept guardianship, we informed her in February 2002 that we would be retaining custody of Mary. Since that time, we have had no further requests from Tina Ajede to take custody of Mary .

5. Since June 27, 2001, Mary has lived in housing arranged by DSS, first in various foster care placements and now in independent living settings which we utilize for older teens.

6. Now that Mary has turned 18, DSS retains custody through a Voluntary Placement Agreement. This is an agreement that the child who turns 18 signs to remain in DSS custody so that we can help her transition to independent living. This is the standard procedure by which we retain custody of children who turn 18, but who have no caretaker and who still need services.

7. The notice of intent to deny in Mary's case refers to a dictation report of March 28, 2003. It states that Tina Ajede was coming from Italy and expressed interest in having Mary live with her. This dictation report was made on December 7, 2001 and not on March 28, 2003. March 28, 2003 is the date the report was printed out of the computer. This is why it says "run date" in the upper right corner. By March 2003, more than a year had passed since Mrs. Ajede had refused to take guardianship of Mary.

8. **I want to make clear that DSS offfered Tina Ajede guardianship of Mary and she rejected it in early February 2002.**

Signed under pains and penalties of perjury this 21st day of October 2004.

*Mary Soliman*
Mary Soliman

Subscribed and sworn to before me this        day of October 2004.

*Renee Carl*
Notary Public
My commission expires 2/7/2008

**In RE:**    **Mary AJEDE**

## AFFIDAVIT OF MARY AJEDE

I, Mary Ajede do hereby state and swear the following to be true:

1.    I, Mary Ajede was born on May 5, 1984 in Kano, Nigeria.

2.    I am currently residing at 1 Breed Terrace, Lynn, Massachusetts, 01902, DSS placement. Since May, 2004 and I am working at Wahlgreens in the city of Lynn.

3.    I am one of five children, all of my siblings reside in the United States.

4.    My father passed away in Nigeria on December 24, 2000.

5.    My mother is a resident of Kano, Nigeria. Nigeria is my mother's permanent place of residence.

6.    My mother brought my siblings and I to the United States in December, 1997.

7.    She left us with my aunt and uncle and they proceeded to adopt us. During the adoption process my uncle became very abusive to my siblings and I.

8.    We suffered medical neglect, neglect, physical and emotional abuse.

9.    Reports were filed with the Department of Social Services regarding my siblings and I. The Department of Social Services did not remove me from the home of my uncle and aunt until my uncle hit me and put me out of the house in my T-shirt without any shoes. It was in the middle of the night on June 15, 2001.

10.    Subsequently, I was placed in a foster home in Peabody, Massachussetts. Since 1997 these are the Department of Social Services placements I've had to the best of my recollection: I lived with my Sunday School teacher, Ms. Joan Cameu at Trevor Street, Lynn, Massachusetts; my pastor, Reverend Julie Todd, Swampscott, Massachusetts; H.E.S. ACCESS PROGRAM, (a foster care program in Peabody, Massachusetts; Rolling Ridge Program, North Andover, Massachusetts; Nina (foster parent), Lynn, Massachusetts; Foster Parent, Elizabeth, 57 Tucker Street, Lynn, Massachusetts; I was later placed in the care of my brother Feliz Odigie at 129 West Street, Hyde Park., Massachusetts, I am currently residing at 1 Breed Terrace, Lynn, Massachusetts with the Laruiexx family.

11.    Since my involvement with the Department of Social Services my mother has come from

12.    Nigeria on three or four occasions.

12.    I have not lived with my mother since 1997. My mother is not able to care for me. She comes and goes as a visitor, but does not have permanent legal status and is not employed. She has not supported me since 1997.

13.    I have not lived with my mother because she was not and is not able to care for us.

14.    I need my green card to go to college. I registered at North Shore Community College, but they would not allow me to attend because I did not have a student visa and was not eligible for financial aid. Please approve my case.

Signed under the pains and penalties this _18th_ day of _October_, 2004.

_Mary Medu_

Subscribed and sworn to before me this _18th_ day of _October_, 2004.

_Renee Carl_
Notary Public

My commission expires _2/7/2008_.

# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
### Department of Social Services

## **Office of the General Counsel**
24 Farnsworth Street, Boston, Massachusetts 02210
Phone: (617) 748-2020  ◆  Fax: (617) 261-7428

MITT ROMNEY
Governor
ʊ
KERRY HEALEY
Lieutenant Governor
ʊ
RONALD PRESTON
Secretary
ʊ
LEWIS H. SPENCE
Commissioner

October 21, 2004

Denis C. Riordan, District Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
JFK Federal Building
Government Center
Boston, MA 02203

RE:    Mary Ajede – A076002201

Dear Mr. Riordan:

I write on behalf of the Department of Social Services (the Department) to supplement the response filed by Attorney Maureen O'Sullivan following your Notice of Intent to Deny Petition for Special Immigrant Status (Notice) concerning Mary Ajede. We are very concerned that the finding upon which the intent to deny is based, i.e., "Ms. Ajede has expressed a desire to have you live her again," reflects a seriously flawed understanding of child welfare law and practice. Indeed, in most cases, parents whose children have entered the Department's custody, want to be reunited with their child. However, a parents' desire to have her child live with her again is *not* dispositive of the question whether a child has been abused, neglected or abandoned, or whether the child will need to remain in long term foster care.

By way of background, children in our custody who seek legal permanent resident status as special immigrant juveniles have all been the subject of proceedings initiated by the Department in the Juvenile Court or the Probate and Family Court. Parents and children have the right to counsel in these cases and are represented throughout the proceedings, even if they are not physically present in the courtroom. All but a handful of these cases begin with a goal of reunifying the child with his/her parent or guardian, but unfortunately, in some instances, it becomes apparent to the Department (and to the Court) that the goal will not be achieved. The Department then looks to adoption, guardianship or other permanent planned living arrangement for the child while the child remains in foster care. In hundreds of cases involving abuse and/or neglect, parents have asserted unsuccessfully through trials and appeals that they want their child to live with them, but they have not been reunified due to concerns for the child's safety. There are hundreds of cases in which DSS has readied the child for reunification with their parent(s), only to have the parent(s) fail to follow through with providing a safe and stable home for their child. The reasons are often complex, but the reality is that the children remain in foster care long-term and they are dependent on the State. The failures in these instances cannot be laid at the feet of the child.

We urge you to consider the above in addition to the response filed by Attorney O'Sullivan and reverse your intent to deny Mary's petition for special immigrant juvenile status.

Thank you.

Sincerely,

Dianne Curran
Deputy General Counsel

Cc:    Attorney Maureen O'Sullivan

# EXHIBIT G

Plaintiffs letter to Defendant requesting a meeting to resolve recurring issues in special immigrant juvenile cases, October 21, 2004.

## KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110
E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

October 21, 2004

Mr. Denis Riordan
District Director
Boston District Office
U.S. Department of Homeland Security
USCIS
15 New Sudbury St.
JFK Federal Building
Boston, MA 02203

## FAX (617) 565-4534

Dear Mr. Riordan:

Please find enclosed a copy of the letter which was sent to you by Louis H. Spence, the Commissioner of the Department of Social Services. This is the letter which asks for your assistance in resolving the delays in adjudication of special immigrant juvenile cases at the Boston District Office and includes a list of long pending cases. During our conversation, you indicated that you have not previously seen the letter and would like a copy..

In addition, this letter asks for an opportunity to meet with you and your staff for an information session during which we could share information regarding agency procedures and answer questions about the Department of Social Services and their procedures and standards.

I am writing to reiterate this request for a meeting at your earliest possible convenience. This request has taken on some urgency now that I have received four notices of intent to deny special immigrant juvenile cases. Those notices of intent to deny all relate to cases on the list of long pending cases that was attached to Commissioner Spence's letter to you. Taken together, those notices reflect a profound misunderstanding of child welfare law and practice in Massachusetts.

First and foremost, the primary focus of decision making in child welfare is the **child** and what is in the child's best interest. The special immigrant provisions in the INA retain that focus, exempting the child from having to prove manner of entry and making many of the grounds of inadmissibilty not applicable to these child applicants. Yet that focus is totally lacking from these notices of intent to deny. For example one of the notices of intent to deny states " you cannot be deemed dependent on long-term foster care after your mother has expressed a credible interest in having you live with her again." This is simply not true. Moreover, it is not determinative of whether a child is abused, neglected, or abandoned, or the child's need for long

G

term foster care. Most parents whose children are placed in foster care for reasons of abuse or neglect express the desire to have their child returned to them. For reasons related to safety and stability the child may not be returned to them.

The standard in special immigrant juvenile cases is set forth in the statute in section 101 (a)(27)(J) of the Immigration and Nationality Act. That defines special immigrant juveniles as "juveniles deemed eligible for long term foster care based on abuse, neglect, or abandonment". The regulations further provide that eligible for long term foster care means "a determination has been made by the juvenile court that family reunification is no longer a viable option." 8 CFR 204.11A . The standards for adjudicating special immigrant juvenile petitions are set forth in some detail in a Memorandum from USCIS headquarters published by William R. Yates on May 27, 2004. The memorandum indicates that all special immigrant juvenile cases must be supported by a court order which establishes: 1. that the child has been declared dependant on the Juvenile Court or placed under state custody and, 2. deemed eligible for long-term foster care due to abuse, neglect, or abandonment. In addition, there must be a finding that it would not be in the child's best interest to be returned to his or her home country or that of the parents.

The immigration standard for special immigrant juvenile, as set out in the statute and regulations, focuses on the reason that the child has come into state custody. It is important to understand that many of the children who are now applying for special immigrant juvenile status have been in state custody for several years. It is one of the reasons why many of the applicants tend to be older teenagers or even almost 21. Another reason is that special immigrant juvenile status is sought only after the Department determines that the child will not be reunified with his or her parent or guardian. In all but a handful of cases, the Department is required by law to make reasonable efforts to reunify the child with his or her parents. In the cases that come before your agency, the Court has placed the child in the custody of the Department and is required to hold annual hearings to review Department's permanency plan for the child, i.e., will the child be reunified with the parents, or will the child remain in foster care until he or she exits through adoption, guardianship or planned living arraignments such as independent living. Throughout these proceedings, parents and child alike have a right to counsel.

In an effort to help Immigration Examiners understand the lengths to which DSS and the state courts go to involve the parents and to foster reunification if possible, a deputy general counsel for the Department of Social Services prepared the enclosed description of the standard process which DSS uses in each and every case. As you can see the process involves a state government agency going to great lengths to include the parents and make a careful determination regarding the best interest of the child. Yet, when that same state agency files the special immigrant cases with your office, they are often met with hostility and suspicion .

In many of these cases we have been asked to provide additional information regarding the facts

that form the basis for the juvenile court's ruling on dependency and eligibly for long-term foster care. Whenever possible we have gone to great lengths to provide all documentation requested. The memorandum from Mr. Yates described above states "the adjudicator generally should not second guess the court rulings or question whether the courts order was properly issued. Orders that include or are supplemented by specific findings of fact as to the above listed ruling would usually be sufficient to establish eligibility for consent. Such findings need not be overly detailed but must reflect that the juvenile court made an informed decision." Since Mr. Yates issued this order DSS has obtained more detailed court order to support these cases. However, many of the cases on the list and all of the cases in which we received notices of intent to deny are older cases.

In the four recent notices of intent to deny, the adjudicator has raised a variety of issues that as reasons to deny the petitions when those issues are not relevant to the essential standard of whether the child in state custody due to abuse, neglect, or abandonment. For example in one of the cases the adjudicator criticizes the child for attempting to find work in the U.S. and attempting to go to school (which the Department of Social Services would expect of a child in placement). The implication is that a child who attempts to work or go to school is somehow not eligible for special immigrant status. The same child came into DSS custody because he was homeless and living at the Pine Street Inn. The court looked at the facts of case and made a determination that his family had neglected and abandoned him. Yet, the notice of intent to deny mentions that because he still has contact with his parents and that they hope that things work out for him shows that they have not neglected him. This is a child who was wandering around the U.S. looking for work, living on the premises of his workplace and eventually becoming homeless from the age of 16. In the eyes of the state court with jurisdiction to decide legal custody and child protection, this is considered neglect. It means that the parent is not providing the child minimally adequate essential care and supervision. It does not means that the parent does not love the child or want the child to be with him or her.

We would be very grateful for an opportunity to discuss this and other issues with you and to discuss how we can move forward with better understanding of how each agency works. I believe that it should be possible for these two government agencies the, DSS, and the CIS to work together to resolve these issues in a timely manner. We would very much like to prepare and present the cases addressing the issues of most importance to you and would be very grateful to be told that directly up front rather than in the context of notices of intent to deny.

Please me know when we can appear for a meeting. In the meantime please note that I have requested a 30 day extension of time in which to respond to the following three notices of intent to deny:

Filimon Bolanos Cruz A96 407 997

Freda Kahinda A79 680 762
Margaret Bukenya A79 679 221.

I respectfully, request that we be granted an additional 30 days until November 20, 2004 to respond to these notices,. We will submit a response to the fourth case (A76 002 201) within the original timeframe.

Thank you very much.

Sincerely yours,

Maureen O'Sullivan
MOS:wo
enc.

# EXHIBIT H

Defendant's second request for court records (previously submitted) and Plaintiffs compliance, December 28, 2004 and January 18, 2005.

## KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110

E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

*HAND DELIVERED*

January 14, 2005

Attn:  Ms. Myra Strauss, Supervisor
United States Citizenship and Immigration Services
JFK Federal Building
Government Center
Boston, MA 02203

### RE: Mary Ajede
### A 076002201
### Application to Adjust to Permanent Residence Status

Dear Ms. Strauss:

Please find enclosed the 2nd set of certified arrest records submitted to your office regarding Mary Ajede. If you have any questions please call our office.

Sincerely,

Maureen O'Sullivan

**U.S. DEPARTMENT OF HOMELAND SECURITY**

U.S. Citizenship and Immigration Services

---

**Date: 12/28/2004**

**Mary Ajede  % Ms. Mary Soliman (DSS)**
**20 Wheller Street**
**Lynn, MA  01902**

NAME OF BENEFICIARY
**Same**

FILE NO.  A 076002201

FORM NO.  I-485

---

**PLEASE COMPLY WITH THE BELOW CHECKED ☐ INSTRUCTIONS.  YOU ARE REQUIRED TO SUBMIT THE FOLLOWING INFORMATION WITHIN 84 DAYS.**

☐  1.  Furnish the birth or baptismal certificate of         .

☐  2.  Furnish the marriage certificate of         .

☐  3.  Furnish proof of death or legal termination of marriage of         .

☐  4.  A foreign document must be accompanied by a translation in English.  The translator must certify that he/she is competent to translate and that the translation is accurate.

☐  5.  Furnish the date and port of each of your entries into the United States and the name of the ship, place, or other vehicle on which you traveled.

☐  6.  Except for aliens with occupations listed under Schedule A, 20 Code of Federal Regulations, Part 656.10, a certification from the Secretary of Labor must be obtained before your petition or application may be resubmitted to this Service.  Further information and Department of Labor forms and instructions may be obtained from the local office of the state employment service agencies.

☐  7.  You have indicated that you do not intend to seek employment.  You must furnish evidence that you have sufficient funds or other means of maintaining yourself in this country.

☐  8.  Furnish two (2) color photographs.  These photos must have a white background, photos must be glossy, un-retouched and not mounted.  Dimension of the facial image should be about 1 inch from chin to top of hair or head shown in 3/4 frontal view of right side of face with right ear visible.  Using soft pencil or felt pen, print name (and alien registration receipt number, if known) on the back of each photograph.  You should show these instructions to the photographer who takes the pictures.

☐  9.  Furnish evidence of a bona fide marriage and share life.  (Examples include but are not limited to the following:  utility bills, bank/investment accounts, and health/life insurance in both names, birth certificates of children born of the marriage, purchases made together, etc.  *These documents must show dates.*)

☐  10.  Submit Police Clearance letters from each municipality where you have resided in the five years preceding the date of your application/petition.

☐  11.  You are required to submit a Medical Examination of Aliens Seeking Adjustment to Status (Form I-693) and Supplement to Form I-693 for documentation of immunizations to be completed by a civil surgeon.

☐  12.  Submit Internal Revenue Service certified transcripts of your income tax returns for tax years         .

☒  13.  You are required to submit certified final court dispositions for any and all arrests/court appearances including but not limited to your appearane in 2003 for assault and battery and in 2001 for shoplifting.

cc:  Maureen O'Sullivan, Esq.
Form I-72                    **PLEASE RETURN THIS LETTER AND ALL ATTACHMENTS**
                              **WITH YOUR RESPONSE**

| CRIMINAL DOCKET | DOCKET NUMBER<br>0306CR001898 | NO. OF COUNTS<br>1 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| DEFENDANT NAME AND ADDRESS | DOB | GENDER | COURT NAME AND ADDRESS |
|---|---|---|---|
| MARY AJEDE<br>129 WEST STREET #2<br>HYDE PARK, MA 02136 | 05/05/1984 | FEMALE | WEST ROXBURY DISTRICT COURT<br>445 ARBORWAY<br>JAMAICA PLAIN, MA 02130-3688<br><br>(617)971-1200 |
| | DATE COMPLAINT ISSUED<br>06/23/2003 | | |
| | PRECOMPLAINT ARREST DATE<br>06/20/2003 | | INTERPRETER REQUIRED |

FIRST FIVE OFFENSE COUNTS

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 265/13A/B | A&B c265 §13A(a) | 06/20/2003 |

| DEFENSE ATTORNEY | OFFENSE CITY/TOWN<br>HYDE PARK | POLICE DEPARTMENT<br>BOSTON P.D. -AREA E- |
|---|---|---|

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED |
|---|---|---|---|
| 6-23-03 | ☑ Attorney appointed (SJC R. 3:10)<br>☐ Atty denied & Deft. Advised per 211 D §2A<br>☐ Waiver of Counsel found after colloquy | 6/23 Druwel | Legal Counsel Fee (211D § 2A¶2) $ 150 - CVS ☐ DATIVE<br>Legal Counsel Contribution (211D § 2) $ 150 ☐ WAIVE |
| | Terms of release set: ☑ PR ☐ Bail<br>☐ See Docket for special conditions<br>☐ Held (276 §58A) | | Default Warrant Assessment Fee (276 § 30 ¶2) $ ☐ WAIVE<br>Default Warrant Removal Fee (276 § 30 ¶1) $ ☐ WAIVE |
| | Arraigned and advised: ☑ Potential of bail revocation (276 §58)<br>☐ Right to bail to review (276 §58)<br>☐ Right to drug exam (111E § 10) | | Probation Supervision Fee (276 § 37A) $ ☐ WAIVE<br>Bail Order Forfeited |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy<br>☐ Does not waive | | |
| | Advised of trial rights as pro se (Dist. Cl. Supp.R.4) | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | JUDGE | TAPE START/STO |
|---|---|---|---|---|---|
| 1 | 06/23/2003 | ARR | ☐ Held ☐ Cont'd | | |
| 2 | 7-14-03 | PTH | ☐ Held ☐ Cont'd | | |
| 3 | 9-17-03 | Trial | ☐ Held ☐ Cont'd | | |
| 4 | 9-18-03 | SRP | ☐ Held ☐ Cont'd | | |
| 5 | | | ☐ Held ☐ Cont'd | Richard L. Walsh | |
| 6 | | | ☐ Held ☐ Cont'd | | |
| 7 | | | ☐ Held ☐ Cont'd | | |
| 8 | | | ☐ Held ☐ Cont'd | True copy attest | |
| 9 | | | ☐ Held ☐ Cont'd | | |
| 10 | | | ☐ Held ☐ Cont'd | | |

APPROVED ABBERIVATIONS
ARR = Arraignment    PT = Pretrial hearing    CE = Discovery compliance & jury selection    T = Bench trial    JT = Jury trial    PC = Probable cause hearing M = Motion hearing    SR= Status review
SRP = Status review of payments    FA = First appearance in jury session    S = Sentencing    CW = Continuance-without-finding scheduled to terminate    P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted    WAR = Warrant Issued    WARD = Default warrant Issued    WR = Warrant or default warrant recalled    PV = probation violation hearing

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK<br>X | TOTAL NO. OF PAGES<br>1 | ON (DATE)<br>1/12/05 |
|---|---|---|---|

JR0104.LP.050110163240

Lynn Juvenile Court
Lynn Division
139 Central Avenue
Lynn, MA 01901

Date 01-10-05
Time 16:32:45

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket No. DL 01Y0357  Delinquency        Case Title AJEDE, Mary        Name AJEDE, Mary        ID 030501

Sex    F   Date of Birth   05/05/84  Alias
Weight  150 lbs      Eye Color      BRO
Height   5 ft  4 ins  Hair Color    BLK

Other Custody   N
Public Assist.
Prior Record    N

Current Address:
91 Park Road

Lynn, MA
                    01904

Filing Address:
19 Astor Street

Lynn, MA
                    01905

Mother:
    Name       Tina Ajede
    Current    91 Park Road
    Address
               Lynn, MA
                          01904

Maiden     Efezokhae
Filing     19 Astor Street
Address
           Lynn, MA
                     0905

Guardian Name   Frank Efezokhae
        Address   91 Park Road

                  Lynn, MA
                            01904

Father:
    Name       NA
    Current
    Address

Filing
Address

Living With:
    Name       Tina Ajede
    Relation   mother
Court of Origin:
    Lynn Juvenile Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Filing Date 04/17/01        Defendant/Respondent  Ajede, Mary
Complainant/Petitioner:
    Name       John Daigle
    Address    27 Hamilton Street

               Saugus, Ma
                          01906

    Agency
    Title
    Phone      (000) 000-0000

CASA Name
GAL Name
Subject's Atty.
Mother's Atty.
Father's Atty.

Judge Assigned
PO Assigned
Investigators

Comments:

- - - - - - - Cross Reference - - - - - - - -
Docket No.  Case Type

- - - - - - - - - - - - - Interdepartmental Assignment - - - - - - - - - - - - - -
Docket No.              Case Type
Date
Transfer From

- - - - - - - - Offense - - - - - - - - -
085    Larceny shoplift as
Date of Offense   04/16/01
Date of Arrest

| Date | Judge | Major Action Description |
|---|---|---|
| 04/17/01 | Brennan, Judith M. | Complaint Issued |
| 04/17/01 | German, Marjory | Referral to project D |
| 04/17/01 | German, Marjory | Continued to 08/23/01 for Report |
| 05/07/01 | Edgerton, Michael | Referral to project Diversion |
| 08/23/01 | Edgerton, Michael | Continued to 11/01/01 for Report |
| 08/27/01 | | Advanced from 11/01/01 to 09/06/01 at request of Asst. District Attorney because ADVANCED BY PROBATION |
| 09/06/01 | Edgerton, Michael | Dismissed |

TRUE COPY, ATTEST:

Essex County Juvenile Court
139 Central Avenue
Lynn, MA 01901

Docket No. DL 01Y0357  Delinquency        Case Title AJEDE, Mary        Name AJEDE, Mary        ID 030501

JR0104.LP.050110163250

Lynn Juvenile Court
Lynn Division
139 Central Avenue
Lynn, MA 01901

Date 01-10-05
Time 16:32:54

--------------------------------------------------------------------------------

Docket No. DL 01Y0358  Delinquency        Case Title AJEDE, Mary        Name AJEDE, Mary                                    ID 030501

Sex    F   Date of Birth   05/05/84  Alias
Weight  150 lbs      Eye Color    BRO          Other Custody    N     Current Address:              Filing Address:
Height  5 ft  4 ins  Hair Color   BLK          Public Assist.          91 Park Road                 19 Astor Street
                                               Prior Record     N     Lynn, MA                     Lynn, MA
                                                                                      01904                      01905
Mother:
    Name      Tina Ajede                    Maiden    Efezokhae                                Guardian Name   Frank Efezokhae
    Current   91 Park Road                  Filing    19 Astor Street                          Address         91 Park Road
    Address                                 Address
              Lynn, MA                                Lynn, MA                                                 Lynn, MA
                          01904                                        0905                                                  01904
Father:
    Name      NA                                                                          Living With:
    Current                                                                                   Name      Tina Ajede
    Address                                 Filing                                            Relation  mother
                                            Address                                       Court of Origin:
                                                                                         Lynn Juvenile Court
--------------------------------------------------------------------------------
Filing Date 04/17/01          Defendant/Respondent Ajede, Mary
Complainant/Petitioner:
    Name      John Daigle                   CASA Name
    Address   27 Hamilton Street            GAL Name                              Judge Assigned
                                            Subject's Atty.                       PO Assigned
              Saugus, Ma                    Mother's Atty.                        Investigators
                          01906             Father's Atty.
    Agency
    Title
    Phone     (000) 000-0000

Comments:

------- Cross Reference -------     -------------------- Interdepartmental Assignment -------------      -------- Offense ---------
Docket No.  Case Type                Docket No.              Case Type                                   085   Larceny shoplift as
                                     Date                                                                Date of Offense    04/16/01
                                     Transfer From                                                       Date of Arrest

    Date          Judge                                            Major Action Description
--------------------------------------------------------------------------------
04/17/01   Brennan, Judith M.       Complaint Issued
04/17/01   German, Marjory          Continued to 08/23/01 for Report
04/17/01   German, Marjory          Referral to project D
08/23/01   Edgerton, Michael        Continued to 11/01/01 for Report
08/27/01                            Advanced from 11/01/01 to 09/06/01 at request of Asst. District Attorney
                                    because ADVANCED BY PROBATION
09/06/01   Edgerton, Michael        Dismissed

TRUE COPY, ATTEST:

*[signature]*

Essex County Juvenile Court
139 Central Avenue
Lynn, MA  01901

--------------------------------------------------------------------------------

# EXHIBIT I

Plaintiffs notice to Defendants of notice of intent to file mandamus action, February 24, 2005.

## KAPLAN, O'SULLIVAN & FRIEDMAN, LLP
### Attorneys At Law

Ten Winthrop Square • Third Floor, Boston, Massachusetts 02110

E-Mail: info@kof-law.com • *www.kof-law.com*

Harvey Kaplan
Maureen O'Sullivan
Jeremiah Friedman

Tel: (617) 482-4500
Fax: (617) 451-6828
Fax: (617) 451-6826

February 24, 2005

Denis Riordan
District Director
USCIS
JFK Federal Building
Government Center
Boston, MA 02203

## NOTICE OF INTENT TO FILE MANDAMUS ACTION IN SPECIAL IMMIGRANT JUVENILE CASES

Dear Mr. Riordan:

This is notice that we intend to file mandamus actions in the following five cases. Each of these cases has been pending for a long time. We have responded to all of your requests for evidence with all of the documents that it is possible to obtain. On September 27, 2004, the Commissioner of the Department of Social Services wrote to you with a request for your help in resolving these cases. You responded by issuing notices of intent to deny in four out of the five cases. We have responded in detail to each of those notices. Each of those responses were submitted to your office more than 90 days ago.

I wrote to you on October 21, 4004, asking for an opportunity to meet with you because we feel that the notices of intent to deny demonstrated a lack of understanding of the child welfare system in Massachusetts. You told me that you would have a meeting, but to date, months have passed and these cases are still not adjudicated. This delay causes tremendous hardship for these children and the agency (DSS) which is taking care of them. They have difficulty going to school, getting jobs and going on with their lives in a way which would enable them to overcome the abuse, neglect or abandonment that each of them has suffered.

We ask you to apply the Memorandum of William Yates which specifies the legal criteria for approval of these juvenile cases. In our responses to your notices of intent to deny, we explain how each of these cases meets that criteria which is dictated by your Headquarters. We have included the case of Peter Francois on this list, even though we have not received a notice of intent to deny in that case because it has been pending for four years.

**Peter Francois, A78 629 893, interviewed 10/2/01. He ages out 7/5/05**

**Freda Kahinda, A79 680 762, interviewed 5/19/03, responded to NOID 11/23/ 04**

**Margaret Bukenya, A79 679 221, interviewed 6/18/03, responded to NOID on   11/22/04**

**Mary Ajede, A76 002 201, interviewed 7/1/03, responded to NOID on  10/21/04. She ages out 5/5/05**

**Filemon Bolanos Cruz, A96 407 997, interviewed 12/10/03, responded to NOID on 11/23/04**

As you can see from the list, two of the juveniles will age out this year. We cannot in good conscience wait any longer to take these facts before the federal court. We have done everything in our power to resolve these cases. **We intend to file mandamus actions in these five cases in two weeks, on March 11, 2005.**

Sincerely,


Maureen O'Sullivan


cc
Dianne Curran, Deputy General Counsel
Department of Social Services
Karen Ann Haydon
Myra Strauss

# EXHIBIT J

Defendants Memorandum #2 Field Guidance on Special Immigrant Juvenile Status petitions.

U.S. Department of Homeland Security
425 I Street, N.W.
Washington, DC 20529



U.S. Citizenship
and Immigration
Services

HQADN 70/23

# Interoffice Memorandum

To:     Regional Directors
        District Directors

From:   William R. Yates  (Janis Sposato /s/)
        Associate Director for Operations

Date:   May 27, 2004

Re:     <u>Memorandum #3 – Field Guidance on Special Immigrant Juvenile Status Petitions</u>

        The purpose of this memorandum is to provide policy and procedural clarification on the adjudication of Special Immigrant Juvenile (SIJ) petitions.  This guidance memorandum, the third since the 1997 statutory amendment, consolidates and supercedes all previous guidance issued by the Immigration and Naturalization Service.[1]

## Background

        Section 203(b)(4) of the Immigration and Nationality Act (INA) allocates a percentage of immigrant visas to individuals considered "special immigrants" under section 101(a)(27) of the INA, including those aliens classified as special immigrant juveniles under Section 101(a)(27)(J).  Section 113 of Pub. L. No. 105-119, 11 Stat. 2440 (November 26, 1997), amended the definition of a "special immigrant juvenile" to include only those juveniles deemed eligible for long-term foster care based on abuse, neglect, or abandonment, and added two provisions that require the consent of the Secretary of the Department of Homeland Security (DHS) (formerly the Attorney General) for SIJ cases.  One provision requires *specific* consent to a juvenile court's jurisdiction over dependency proceedings for a juvenile in DHS custody; the other requires *express* consent to the juvenile court's dependency order serving as a precondition to a grant of SIJ status.  In the case of juveniles in custody due to their immigration status (either by US Immigration and Customs Enforcement (ICE) or by the Office of Refugee Resettlement (ORR)), the specific consent must be obtained *before* the juvenile may enter juvenile court dependency proceedings; failure to do so will render invalid any order issued as a result of such proceedings.

---

[1] Initial guidance was provided by memorandum dated August 7, 1998.  That was superceded by Memorandum #2, dated July 9, 1999, which is superceded by this memorandum.

Memorandum #3 — Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 2

This memorandum addresses only those eligibility issues relating to the actual adjudication of the petition for special immigrant juvenile classification and the application for adjustment of status to that of lawful permanent residence, including the concept of "express consent.". It does not address eligibility criteria relating to "specific consent.".

## Effect of SIJ approval

Approval of an SIJ petition (Form I-360) makes a petitioner immediately eligible to adjust status by filing a Form I-485. Once the Form I-485 is filed (either concurrently with the I-360, as is strongly encouraged, or subsequent to approval of an I-360), the juvenile may receive employment authorization pursuant to the pending adjustment application.[2] Juveniles who adjust status as a result of an SIJ classification enjoy all benefits of lawful permanent residence, including eligibility to naturalize after five years; however, they may not seek to confer an immigration benefit to their natural or prior adoptive parents. INA §101(a)(27)(J)(iii)(II). The granting of an SIJ petition or an application for adjustment to a juvenile confers no Federal Government duty or liability toward state child welfare agencies, even for those juveniles placed in foster care.

## Consent by Department of Homeland Security

Following the 1997 amendments to Sec. 101(a)(27)(J) and the Homeland Security Act of 2002, a juvenile alien seeking classification as a special immigrant juvenile based on a juvenile court's dependency order must have, in all cases, the "express consent" of the Secretary of the DHS. In those cases involving a juvenile in the actual or constructive custody of the federal government, the juvenile must first obtain "specific consent" to the juvenile court's jurisdiction from the Secretary, through ICE, before proceedings on issuing a dependency order for the juvenile may begin. *Specific consent* refers to a determination to permit a juvenile court, which otherwise would have no custody jurisdiction over the juvenile alien, to exercise jurisdiction for purposes of a dependency determination.

*Express consent* means that the Secretary, through the CIS District Director, has "determine[d] that neither the dependency order nor the administrative or judicial determination of the alien's best interest was sought primarily for the purpose of obtaining the status of an alien lawfully admitted for permanent residence, rather than for the purpose of obtaining relief from abuse or neglect [or abandonment.]"[3] In other words, express consent is an acknowledgement that the request for SIJ classification is bona fide.

CIS officers adjudicating SIJ petitions need only consider whether the juvenile court order satisfies express consent requirements; however, as discussed below, information relating to a grant of specific consent may also be considered when determining eligibility for express consent.

While this memorandum does not address the criteria for issuing specific consent, officers must be satisfied that specific consent from ICE was timely granted in cases where such consent was required. This is discussed further below.

---

[2] 8 CFR 27.12(c)(9)
[3] See H.R. Rep. No. 105-405, at 130 (1997).

Memorandum #3 – Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 3

## Documentation Requirements for SIJ Petitions

Although current regulations allow for separate filing of the Form I-360 (Petition for Amerasian, Widow(er), or Special Immigrant) and the Form I-485 (Application To Register Permanent Residence or Adjust Status), USCIS strongly encourages concurrent filing of both forms in order to expedite the completion of the juvenile's application.

The Form I-360 must be supported by:

- Court order declaring dependency on the juvenile court or placing the juvenile under (or legally committing the juvenile to) the custody of an agency or department of a State.
- Court order deeming the juvenile eligible for long-term foster care due to abuse, neglect, or abandonment.[4]
- Determination from an administrative or judicial proceeding that it is in the juvenile's best interest not to be returned to his/her country of nationality or last habitual residence (or the juvenile's parents' country of nationality or last habitual residence)(hereinafter "home country")[5]; and
- Proof of the juvenile's age.[6]

The Form I-485 must also be supported by documentation:

- Birth certificate or other proof of identity in compliance with 8 CFR 103.2;
- A sealed medical examination (Form I-639);
- Two ADIT-style color photographs; and, where applicable, also supported by:
- Evidence of inspection, admission or parole (if available; by law an individual with SIJ classification is deemed to be paroled for purposes of adjustment of status[7]);
- If the applicant is over 14, s/he must also submit a Form G-325A (Biographic Information);
- If the juvenile has an arrest record, s/he must also submit certified copies of the records of disposition; and
- If the juvenile is seeking a waiver of a ground of inadmissibility that is not otherwise automatically waived under INA §245(h)(2)(A), s/he must submit a Form I-601 (Application for Waiver of Ground of Excludability) and supporting documents establishing that waiver is warranted for humanitarian purposes, family unity, or in the public interest (supporting documents could include affidavits, letters, press clippings, etc.).

---

[4] The regulations provide: "Eligible for long-term foster care means that a determination has been made by the juvenile court that family reunification is no longer a viable option." 8 C.F.R. § 204.11(a).

[5] INA §101(a)(27)(J)(ii) This requirement can be satisfied through a determination made by the juvenile court and incorporated in the juvenile court order. *See infra.*

[6] Examples include an official birth certificate, passport, or foreign identity document issued by a foreign government, such as a cedula or cartilla. 8 CFR§204.11(d).

[7] INA §245(h)(1). Although deemed paroled as a matter of law, applicants may still be subject to INA §212(a)(2)(A), (B), and (C), §212(a)(3)(A), (B), (C), and (E), and §241(a)(5). See discussion below.

Memorandum #3 -- Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 4

Applicants may also submit a Form I-765 (Application for Employment Authorization) based on the pending Form I-485, if needed.

## The Court Order

The Court Order submitted in support of the Form I-360 *must establish*:

- The juvenile has been declared a dependent of the juvenile court or the court has placed the juvenile under (or legally committed the juvenile to) the custody of an agency or department of a State; and

The juvenile has been deemed eligible for long-term foster care due to abuse, neglect, or abandonment[8]

The Court Order will also *preferably establish* the following (these may be established in alternative ways as discussed later):

- Specific findings of fact in support of the Order, sufficient to establish a basis for USCIS express consent; and
- That it would not be in the alien's best interest to be returned to the alien's home country.

## Evidence to establish the best interests of the child not to return to home country

As noted above, a petition cannot be granted unless it has been determined in an administrative or judicial proceeding that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. This determination may be made by the juvenile court. USCIS strongly encourages juvenile courts to address this issue and incorporate a finding into the court order. Nevertheless, the law contemplates that other judicial or administrative bodies authorized or recognized by the juvenile court may make such a determination[9]. If a particular juvenile court establishes or endorses an alternate process for this finding, a ruling from that process may satisfy the requirement.

## Evidence to establish express consent

The District Director, in his or her discretion, shall expressly consent to dependency orders that establish -- or are supported by appropriate evidence that establishes -- that the juvenile was deemed eligible for long-term foster care due to abuse, neglect, or abandonment, and that it is in the juvenile's best interest not to be returned to his/her home country. Such express consent should be given only if the adjudicator is aware of the facts that formed the basis for the juvenile court's rulings on dependency (or state custody), eligibility for long-term foster care based on abuse, neglect, or abandonment, and non-viability of family reunification, or the adjudicator determines that a reasonable basis in fact exists for these rulings. The adjudicator generally should not second-guess

---

[8] The regulation provides: "Eligible for long-term foster care means that a determination has been made by the juvenile court that family reunification is no longer a viable option." 8 C.F.R. § 204.11(a). A child adopted or placed in guardianship after receiving a dependency order continues to be considered eligible for long-term foster care under 8 C.F.R. §204.11(a), and, necessarily, remains considered a juvenile court dependent based on the prior dependency order.
[9] 8 C.F.R. §204.11(c)(6).

Memorandum #3 — Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 5

the court rulings or question whether the court's order was properly issued. Orders that include or are supplemented by specific findings of fact as to the above-listed rulings will usually be sufficient to establish eligibility for consent. Such findings need not be overly detailed, but must reflect that the juvenile court made an informed decision.

The role of the District Director in determining whether to grant express consent is limited to the purpose of determining special immigrant juvenile status, and not for making determinations of dependency status.[10]

If an order (or order supplemented with findings of fact, as described above) is not sufficient to establish a reasonable basis for consent, the adjudicator must review additional evidence to determine whether a reasonable factual basis exists for the court's rulings. To do so, the adjudicator may request that the petitioner provide actual records from the judicial proceeding; however, adjudicators must be mindful that confidentiality rules often restrict disclosure of records from juvenile-related proceedings, so seeking such records directly from the court may be inappropriate, depending on the applicable State law. In the alternative, the adjudicator may request the petition to provide an affidavit from the Court, or the state agency or department in whose custody the child has been placed, summarizing the evidence presented to the court. Additionally, if the applicant had obtained a grant of specific consent from ICE, the grant should be considered a favorable factor in establishing express consent. The adjudicator may also consider the evidence that provided the foundation for the granting of specific consent.

If an adjudicator encounters what s/he believes to be a fraudulently obtained order s/he should promptly notify a supervisor, who should immediately notify USCIS Headquarters, Office of Field Operations and Office of Program and Regulation Development, through designated channels, to coordinate appropriate follow-up.

Because express consent essentially is a determination that the order reflects a bona fide basis for special immigrant juvenile status, approval of an SIJ application itself shall serve as a grant of express consent.

## Validity of Juvenile Court Orders in Previously Detained Cases (Specific Consent)

The adjudicator must be satisfied that the petitioner obtained specific consent from ICE where necessary. If specific consent was necessary but not timely obtained, a juvenile court dependency order is not valid and the petition must be denied. INA § 101(a)(27)(J)(iii)(I); 8 C.F.R. § 204.11(c)(3). Please check with the local ICE juvenile coordinator who handled the case to determine whether specific consent was required, and if so, whether it was timely granted.

---

[10] H.R. Rep. No. 105-405, at 130 (1997)

Memorandum #3 — Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 6

## Inadmissibility

SIJ beneficiaries are excused from many requirements that other applicants for adjustment must meet. Most notably, SIJ applicants are excused from several grounds of inadmissibility,[11] including provisions prohibiting entry of those likely to become a public charge,[12] those without proper labor certification,[13] and those without a proper immigrant visa.[14] In addition, most other grounds of inadmissibility may be waived for humanitarian purposes, family unity, or when it is otherwise in the public interest. The only grounds of inadmissibility that are not waivable for SIJ applicants are those listed in INA§212(a)(2)(A), (B), and (C)[15] and (3)(A), (B), (C), and (E).

## Aging Out

Current regulations require that an applicant for SIJ adjustment must be under 21 years old, not only at the time of application, but also at the time of adjustment.[16] Failure to adjust prior to age 21 results in denial of the application, regardless of the merits of the underlying dependency order; this is known as "aging out." Applicants are strongly encouraged to submit petitions and applications in a timely fashion and to notify the agency when the risk of aging out is strong. In addition, District Offices should assess new applications to avoid the risk of SIJ age outs, and take the following precautions to prevent it:

- Schedule SIJ adjustment interviews well in advance of the petitioner's 21st birthday, or in jurisdictions where court dependency terminates before age 21, well in advance of that birth date (e.g. age 18 in New Jersey).
- Ensure proper completion of background checks, including fingerprint clearances and name-checks (this means all clearances should be scheduled no later than 60 days prior to the age-out date).
- Provide for expedited processing of cases at risk of aging out (e.g. in-person filing for applicants who age out within a year; priority interviews and fingerprinting; other appropriate administrative relief).

Officers are also reminded that, in many circumstances, Section 424 of the USAPATRIOT Act provides SIJ beneficiaries limited age-out protection by extending benefits eligibility for 45 days beyond the 21st birthday. Pursuant to Section 424(2), an alien who is the beneficiary of a petition or application filed on or before September 11, 2001, whose 21st birthday occurs after September 2001 is considered to be a child for 45 days after the alien's 21st birthday for purposes of adjudicating such petition or application.[17]

---

[11] See INA§245(h)(2)(A). In addition, the corresponding grounds of removal under INA §237(c) are also waived for juveniles granted SIJ.

[12] INA§212(a)(4)

[13] INA§212(a)(5)(A)

[14] INA§212(a)(7)(A)

[15] Except for a single instance of simple possession of 30 grams or less of marijuana.

[16] 8 CFR§205.1(a)(3)(iv)(A).

[17] This provision has been specifically applied to SIJ beneficiaries. *See Pierre v. McElroy*, 200 F.Supp.2d 251 (SDNY 2001). Note: This necessarily includes treating the juvenile as under juvenile court jurisdiction during the 45-day period.

Memorandum #3 – Field Guidance on Special Immigrant Juvenile Status Petitions
HQADN 70/23
Page 7

## Fee Waivers

Adjudicators are reminded that, pursuant to 8 CFR 103.7(c), SIJ applicants may be eligible for fee waivers for forms I-360, I-485 and I-765. Requests for fee waivers should be adjudicated expeditiously, and consistent with prevailing policy guidance (see Memorandum from William Yates, Field Guidance on Granting Fee Waivers Pursuant to 8 CFR 103.7(c), March 4, 2004). In considering the applicant's inability to pay the fee, adjudicators should pay particularly close attention to fee waiver guidance relating to consideration of humanitarian or compassionate reasons in support of a request (Id., at 4). Recommendations on fee waiver requests must be forwarded to the appropriate supervisor for decision.

## Vienna Convention on Consular Relations

Adjudicators should not ask SIJ applicants to provide proof of compliance with the Vienna Convention on Consular Relations (VCCR). The VCCR, which has little or nothing to do with SIJ classification, includes reporting requirements for government agencies encountering foreign citizens, usually in the context of criminal proceedings, but also in guardianship and trusteeship situations. In most cases, if a juvenile was in either the criminal justice system or under the care of a guardian or a trustee, the relevant state agency would have had a duty to report to the juvenile's consulate and afford the juvenile an opportunity to contact the consulate. The VCCR places no burden of reporting on the juvenile, and is therefore outside the scope of USCIS's determination of eligibility for SIJ classification or adjustment.

## Further information

Questions relating to this memorandum should be directed through appropriate channels by phone or e-mail to Steven D. Heller (Operation and Regulations Developments, (202) 616-7435) or Leah Torino (Field Operations, (202) 514-2982).

## Index

Background...........................................................................................................................1
Effect of SIJ approval .........................................................................................................2
Consent by Department of Homeland Security ...................................................................2
Documentation Requirements for SIJ Petitions ..................................................................3
The Court Order...................................................................................................................4
Evidence to establish the best interests of the child not to return to home country ............4
Evidence to establish express consent .................................................................................4
Validity of Juvenile Court Orders in Previously Detained Cases (Specific Consent) .........5
Inadmissibility.....................................................................................................................6
Aging Out ............................................................................................................................6
Fee Waivers .........................................................................................................................7
Vienna Convention on Consular Relations ..........................................................................7
Further information ..............................................................................................................7
Index ...................................................................................................................................7

☐ JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MASSACHUSETTS DEPARTMENT OF SOCIAL SERVICES
and MARY AJEDE

**DEFENDANTS**

Denis RIORDAN, District Director of Boston District Office(CIS); Michael CHERTOFF, as Secretary of Department of Homeland Security; Eduardo AGUIRRE, JR.as Director of (USCIS), DHS, All unknown gov. agencies

**(b)** County of Residence of First Listed Plaintiff ____ Suffolk ____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Maureen O'Sullivan
Kaplan O' Sullivan & Friedman LLP
10 Winthrop Square 3rd Fl
Boston, MA 02110   (617) 482-4500

Attorneys (If Known)

05 10539 NMG

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Determination |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS – Third Party | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 555 Prison Condition | | | ☒ 890 Other Statutory Actions |

MANDAMUS

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Mandamus action to compel Immigration to adjudicate case before Plaintiff "ages out" on May 25, 2005.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE ____   DOCKET NUMBER ____

DATE  3/22/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)___ DSS v. Riordan ___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

 ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

 _✓_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. for patent, trademark or copyright cases

 ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

 ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

 ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                        YES ☐      NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                        YES ☐      NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                        YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                        YES ☐      NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐      NO ☐  Parties ( most) are governmental agencies.

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☒        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                        YES ☐      NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___ Maureen O'Sullivan ___

ADDRESS ___ Kaplan O' Sullivan & Friedman LLP ,10 Winthrop Square 3rd Fl ,Boston, MA 02110 ___

TELEPHONE NO. ___ (617) 482-4500 ___

(BORAL, civil cover sheet.wpd - 10/17/02)